Rickard v. The State.

No. 9501.

RICKARD v. THE STATE.

74  275
126  570

74  275
151  676

74  275
163  510

JURY.—*Officer in Charge of.*—*Presence During Deliberation of Jury Vitiates Verdict.*—Under the statutes of this State, an officer having a jury in charge, either in a civil or criminal case, has no authority to speak to them, except to ask them if they have agreed upon a verdict, unless by order of the court, and he ought not in either case to be allowed to be present with the jury during their deliberations; his presence, even though he does not speak to the jury, and though it does not appear to have caused any injury, is sufficient to vitiate the verdict returned by the jury.

From the Clinton Circuit Court.

*D. A. Woods, J. C. Suit, A. E. Paige* and *S. O. Bayless*, for appellant.

*D. P. Baldwin*, Attorney General, and *W. R. Moore*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted in the court below for an assault and battery upon, with intent to murder, John Wyant; and upon trial he was convicted of assault and battery with intent to commit voluntary manslaughter, as charged in the indictment, and was sentenced to imprisonment in the state-prison for the term of two years. At the proper time, he made a motion for a new trial, on the ground, among other things, stated in and supported by the

following affidavit, but the motion was overruled, and exception taken:

"State of Indiana v. William Rickard:

"Comes now William Rickard, and upon his oath, being first duly sworn, says that the jury, after having been instructed by the court, retired to deliberate upon their verdict in the above entitled cause, at about six o'clock P. M. of March 23d, 1881, and returned a verdict of guilty against him at 9 o'clock A. M., March 24th, 1881, having been about fifteen hours deliberating upon their verdict; that said jury during said time were in charge of George Mitchell, their sworn bailiff, who at all times had access to their room where said jury was deliberating, and who frequently passed in and out thereof; that said Mitchell remained with said jury a large portion of the time while they were deliberating and considering of their verdict in said cause, as aforesaid, all of which is true, as the affiant is informed and verily believes.                    (Signed)   WILLIAM RICKARD.

"Subscribed and sworn to before me, this 29th day of March, 1881.        ALLEN E. PAIGE, Notary Public."

The State introduced no evidence contradicting, explaining or qualifying this affidavit; and we are of opinion that on the facts thus stated a new trial should have been granted.

The precise question here presented recently came before the Supreme Court of Michigan, by whom it was held to be error to permit the officer having charge of a jury to be present during their deliberations, even though he does not speak to them, and it does not appear that any harm resulted therefrom. The People v. Knapp, 42 Mich. 267.

The reasons assigned by COOLEY, J., who delivered the opinion in the cause, are cogent, and, to our minds, quite conclusive of the question. We make some extracts from the opinion:

"It is not claimed that the officer can with propriety be allowed to be within hearing when the jury are deliberating.

Whether he does or does not converse with them, his pres-ence to some extent must operate as a restraint upon their proper freedom of action and expression. When the jury re-tire from the presence of the court, it is in order that they may have an opportunity for private and confidential discus-sion, and the necessity for this is assumed in every case, and the jury sent out as of course, where they do not notify the court that it is not needful. The presence of a single other person in the room is an intrusion upon this privacy and con-fidence, and tends to defeat the purpose for which they are sent out. \* \* \* In their private deliberations the jury are likely to have occasion to comment with freedom upon the conduct and motives of parties and witnesses, and to express views and beliefs that they could not express publicly without making bitter enemies. Now the law provides no process for ascertaining whether the officer is indifferent and without prejudice or favor as between the parties; and as it is ad-mitted he has no business in the room, it may turn out that he goes there because of his bias, and in order that he may report to a friendly party what may have been said to his prejudice, or that he may protect him against unfavorable comment through the unwillingness of jurors to criticise freely the conduct and motives of one person in the presence of another who is his known friend. Or the officer may be present with a similar purpose to protect a witness whose testimony was likely to be criticised and condemned by some of the jurors. \* \* \* \* \* \* \* \*

"It was held in *Cole* v. *Swan*, 4 Greene (Iowa), 32, that officers having a jury in charge while they are deliberating on their verdict should never speak to them except to ask them whether they have agreed, and that, if an officer violated this rule, any verdict afterward rendered, whether the con-versation did or did not have any influence in producing the verdict, should be set aside the moment the fact comes to the knowledge of the court. We have said enough already

to show that it is not conversation alone that is mischievous; the mere presence of the officer within the hearing of the jury is often quite as much so. In one case what he would say might influence the verdict; in another, what his presence might restrain jurors from saying, might accomplish the same result.''

An officer having a jury in charge, either in a civil or criminal case, has no authority, under our law, to speak to them, except to ask them if they have agreed upon a verdict, unless by order of the court; and in neither case is it contemplated that he may be present with them during their deliberations. Code, sec. 329; Criminal Code, sec. 114.

The judgment below is reversed, and the cause remanded for a new trial.

The clerk will give the proper notice for the return of the prisoner.