BUXTON *v.* STATE.

(*Knoxville.* September 30, 1890.)

CRIMINAL PRACTICE. *Record of oath administered to officer in charge of jury insufficient, when.*

This Court will reverse a felony case where the entry of record as to the swearing of the officer placed in charge of the jury is in this language: "The officer was sworn according to law to keep them [the jury] together, separate and apart from all other persons, not to talk with them about the cause, nor allow others to do so, until he returned them into Court to-morrow morning."

FROM MORGAN.

Appeal in error from Circuit Court of Morgan County. S. A. ROGERS, J.

W. L. WELCKER and J. H. LEWALLEN for Buxton.

Attorney-general PICKLE and HENDERSON & JOUROLMON for State.

LEA, J. Buxton was convicted in the Circuit Court of Morgan County of murder in the first degree, and has appealed from the judgment to this Court. It is insisted there is error in the record, first, because the oath administered to the officer in charge of the jury was insufficient; and,

secondly, that there was error in the charge of the Court for failure to charge upon the effect of drunkenness in reducing the killing from murder in the first degree to murder in the second degree.

The record shows the following entry as to the oath administered to the officer in charge of the jury: "The officer was sworn according to law to keep them together, separate and apart from all other persons, not to talk with them about the cause, nor allow others to do so, until he returned them into Court to-morrow morning." While it is said he was sworn according to law, the oath is set out, and this Court has repeatedly held that such an oath is insufficient. An impartial jury, selected and kept free from all outside or improper influences, has always been regarded by our Courts as necessary to a fair and impartial trial. In fact, without it the administration of the criminal law would become a farce. The officer should be sworn to keep the jury separate and apart from all persons, and not allow them to communicate with any person, or any person to communicate with them, and not to communicate with them himself about the trial of the case further than to ask them if they have agreed.

There were several witnesses who testified as to the drunkenness of the prisoner upon the day, and at the time of the killing, and it is insisted it was the duty of the Judge to instruct the jury as to the effect of drunkenness; that he should have stated to the jury that if drunkenness existed to

such an extent as to render the prisoner incapable of forming a premeditated and deliberate design to kill, then he would not be guilty of murder in the first degree.

While the proposition of law insisted upon is correct, yet, looking to the charge upon drunkenness, and to the failure of the prisoner to ask for a fuller exposition of the law, we base our action of reversal upon the error that the officer in charge of the jury was not properly sworn.

The judgment will be reversed, and the case remanded for a new trial.