ANDREW J. NICHOLSON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—BAILIFF TO JURY—HOW APPOINTED AND QUALIFED—SUBSTITUTION OF ONE BVILIFF FOR ANOTHER IN PRISONER'S ABSENCE AFTER JURY RETIRES.

1. The term "bailiff" is one that is applied to deputies of the sheriff, because of the special duty assigned to them of guarding or protecting juries from improper communications and intrusions. In the performance of such duty they act as deputies of the sheriff, and must get their appointment and authority from him, even thought they be deputized for that specific duty alone. The Circuit Judges have no authority to appoint them. The Circuit Judges are authorized by statute to appoint a

*sheriff* to attend upon a term of court *only* when the sheriff fails to attend such term in person or by deputy.

2. The sheriff himself may act as bailiff to a jury, in which case no special oath is required to be administered to him as to the faithful performance of such duty, but when the duty is assigned to one of his deputies specially appointed for that specific duty alone a special oath is necessary to be administered to him. Such oath can properly be administered by the clerk in the absence of the judge, and during a recess of court.

3. Where a sworn bailiff, in charge of a retired jury engaged in deliberation upon its verdict in a capital case, is relieved by the sheriff in the absence of the judge, the prisoner and his counsel, and the jury put by the sheriff in charge of another duly sworn and deputized bailiff, it furnishes no ground for a new trial or for reversal on writ of error, where it appears that the jury have remained continuously in charge of a properly sworn officer and nothing is shown indicating that the jury was at all subjected to any outside or improper communica - tions or influences.

Writ of Error to the Circuit Court for Madison county.

The facts in the case are stated in the opinion.

*Stewart & Johnson*, for Plaintiff in Error.

*W. B. Lamar*, Attorney-General, for the State.

TAYLOR, J.:

At the Spring term, 1896, of the Circuit Court of Madison county the plaintiff in error was indicted, tried and convicted of the crime of murder in the first degree and sentenced to death, and from such sentence takes writ of error.

The only error assigned is that the court erred in refusing the defendant's motion for new trial on the third, fourth, fifth and sixth grounds as set up in such motion. These grounds are as follows: 3d. Because

the bailiff, John W. Williams, was selected and appointed by the sheriff and was sworn as bailiff to the said jury by the clerk of said court on Sunday, the 19th of April, 1896, in the absence of the said judge. 4th. Because the said defendant nor his attorneys were present at the time the said bailiff was selected and sworn by the said clerk. 5th. Because the said bailiff was not appointed by the court to take charge of said jury, and he was not a regular deputy sheriff, as will appear from affidavit herewith filed. 6th. Because the said bailiff, John W. Williams, took charge of said jury and remained with them during the day Sunday. In support of this motion the defendant presented and filed the following affidavit: "Before me personally came John W. Williams who, being duly sworn, says that about eleven o'clock on Sunday, 19th day of April, A. D. 1896, he (affiant) was sworn in as bailiff to the jury who was trying the above stated cause by T. E. Martin, clerk of said court. That at the time he was sworn in as bailiff of said jury the court was not in session, the judge of the said court was not present; that the defendant, Andrew J. Nicholson, nor his counsel, was not present, but the jury in said cause was then considering of their verdict. Affiant further says that he is not a regular appointed deputy sheriff, but was only sworn in as aforesaid as bailiff of the jury; that as such bailiff he took charge of the said jury and had them in his charge from the time that he was so sworn in until about 8 or 9 o'clock at night of the same day, when the bailiff who was sworn in on Saturday returned and took charge of the jury."

It is contended here that it is the province of the judge presiding to appoint bailiffs to take charge of

juries while considering their verdicts, and that the sheriff of the county had no authority to appoint one and substitute him in the place of another who had been sworn in and put in charge of the jury by the court when they first retired. There is no merit in this contention. The term "bailiff" signifies a "keeper or protector," and, from the duties he performs in and about our courts, is synonymous with under or deputy sheriff. The term "bailiff" is applied to him because of the special duty of guarding or protecting juries during their deilberations from improper communications or intrusions. 1 Bacon's Abr. p. 598, *title* Bailiff. Under our statute (secs. 1242, 1396 Rev. Stat.) the sheriffs of the several counties are expressly made the executive officers of the Circuit Courts, and are required to attend upon the terms thereof in person or by deputies. Bailiffs, so-called, that attend upon the courts, taking charge of its juries, serving process, *etc.*, do nothing more than perform those duties that devolve upon the sheriff, and, in the performance of them, they act in the place and stead of the sheriff, and must get their authority to do so from the sheriff by his appointment. The Circuit Judge, by sec. 1243 Rev. Stat., is authorized to appoint a sheriff to attend a term of court only when the sheriff fails to attend such term in person or by deputy. It is the duty of the sheriff, when he can not attend to such duties in person, to appoint deputies to attend upon the terms of court, and when such deputies are put in charge of juries the term "bailiff" is applied to them, as before stated, from the special duty of guarding or protecting such juries. They are none the less deputies of the sheriff, however, in the performance of such duty, even though they be deputized by the sheriff for that

specific duty alone.   The sheriff himself may act as bailiff to the jury, in which case no special oath is required to be administered to him as to the faithful performance of it.   Davis vs. State, 15 Ohio, 72, S. C. 45 Am. Dec. 559.   But when the duty is assigned to one of his deputies, specially appointed for that specific duty alone, a special oath is necessary to be administered to him.   Hare vs. State, 4 How. (Miss.) 187. From the terms of the defendant's motion for new trial it appears that Williams, who took charge of the retired jury on Sunday morning, and relieved the bailiff who had charge of them until that time, was appointed and deputized to the duty by the sheriff, but before taking charge of them was duly sworn by the clerk of the court.   Why the bailiff who first had charge of them had to be relieved is not shown, but the presumption is that there was some necessity for it.   When such necessity arose, it would have been perfectly proper for the sheriff himself in person to have taken charge of the jury, and in such event its propriety could not have been questioned, and when he deputized another to perform the duty for him, seeing to it that the safeguard of the usual oath was first thrown around him, we can not see but that all the requirements of the law looking to the purity and sanctity of jury trials have been substantially complied with.   The maxim, *qui facit per allium, facit per se*, will apply to the act of the sheriff in delegating Williams to act for him temporarily as custodian of the jury during their deliberations.   It is further contended that this temporary exchange of bailiffs or jury guards was a "step in the progress of the trial," and that it was taken during the absence of the prisoner and his attorneys and of the judge.   The contention is without

merit. If it could be sustained, then, for the same reason, we would have to hold that it was the right of all prisoners to be personally present in full view of the jury room during the entire time of their deliberations to attend in person upon the proper guarding of the jury. Under our statute making sheriffs the executive officers of the courts and requiring their personal attendance thereon, it is one of their duties to take charge of and to guard and protect juries from all outside communications and influences while deliberating on their verdicts, he can, and usually does, perform this duty through deputies, who, in the performance of it are called bailiffs. When properly sworn for the performance of such duty, it can make no material difference which one of several deputies is assigned to its performance, or whether one or more of them is substituted in place of the one who first takes charge of the jury. The object of the law is fully subserved if a sworn officer remains continuously in charge of the jury faithfully holding them aloof from all outside communications or influences, and himself abstaining from any communication with them in reference to the case under consideration. From the showing made for a new trial in this case it appears that the jury was kept by the sheriff continuously in charge of a sworn appointee of his own, and the presumptions run in favor of the legality and regularity of official acts until the contrary is made to appear. Nothing is made to appear here militating against the faithful performance of his duty by Williams, the bailiff in whose charge the jury was placed by the sheriff, and the presumption is that he discharged it faithfully. Not being able to sustain the error assigned, and none other being assigned, urged, argued or apparent, the judgment of the court below is affirmed.