· PATRICK E. COONEY V. STATE OF NEBRASKA.

FILED FEBRUARY 20, 1901. No. 11,689.

1. **Instruction: WITNESS: GROUND FOR CENSURE.** An instruction is not erroneous which, in substance, informs the jury that just censure of a witness, or the testimony which he has given, can not be grounded on the fact that he has performed a duty imposed upon him by law.

2. **Statute: CONSTITUTION: STARE DECISIS.** Section 20, chapter 50, Compiled Statutes, 1899, with respect to the keeping of intoxicating liquors for the purpose of sale without a license, is valid legislation.

3. **Presence of Officer in Jury Room: MATERIAL WITNESS.** An officer having charge of the jury was a witness on the trial and gave material evidence for the state. He accompanied the jury to their room and remained with them for several hours while they were deliberating on their verdict. *Held*, That the officer was guilty of misconduct prejudicial to the rights of the defendant and that a new trial should have been awarded.

ERROR from the district court for Dawson county. Tried below before SULLIVAN, J. *Reversed.*

*Hector M. Sinclair*, for plaintiff in error.

*Frank N. Prout, Attorney General*, and *Norris Brown, Deputy, contra.*

SULLIVAN, J.

This was a prosecution under section 20, chapter 50, Compiled Statutes, 1899. The defendant, Patrick E. Cooney, was found guilty of keeping intoxicating liquors for the purpose of sale without a license, and was sentenced to pay a fine of $300. Complaint is made of an instruction which, in substance, informed the jury that if one of the witnesses for the state, a man named Pierson, was a member of an incorporated detective association, he had by reason of his corporate membership assumed certain duties created by law, for the performance of which neither he nor his evidence could be rightfully criticised. This statement, we think, was neither harmful

nor inaccurate. The thought which it conveys is that just censure can not be grounded upon the performance of a legal duty. The right to criticise the witness and his testimony was not denied, but criticism directed against the discharge of a duty imposed by law was characterized as unjust. It is hardly possible that the jury were induced by the instruction to place an exaggerated or excessive value upon Pierson's evidence, for they were advised that they might consider the character of the business in which he was engaged and determine his credibility and the worth of his testimony by the application of the usual tests.

The constitutionality of the section of the statute under which the prosecution was conducted is raised and discussed at length. The point does not require particular consideration, as the cases of *Durfee v. State*, 53 Nebr., 214, and *Parsons v. State*, 61 Nebr., 244, decide that the argument of defendant's counsel is inadmissible and that the law is the result of a proper exercise of legislative power.

After the case was given to the jury and while they were deliberating upon their verdict the sheriff and bailiff having them in charge went with them to their room and remained with them for several hours. The trial court found that the sheriff and bailiff were in the back part of the room, which was quite large, and that the jury, while deliberating and discussing evidence, were north of the centre of the room; that neither of the court officers took any part in the deliberations or advised the jury regarding their verdict. The court further found that the presence of the sheriff and bailiff did not influence the jury in reaching their verdict and refused to grant a new trial on the ground of misconduct. The facts in this case are quite similar to those in *People v. Knapp*, 42 Mich., 267, where it was held that the mere presence of an officer in the jury room while the case was being considered was an unwarranted restraint upon free discussion and, in substance, an invasion of the right of trial by jury. *Gandy v. State*, 24 Nebr., 716, was a case in which

Cooney v. State.

the bailiff having charge of the jury remained with them during their deliberations, although taking no part therein. There was no showing of prejudice to the defendant, but on the contrary, as appears from the dissenting opinion of Chief Justice REESE, there was a clear showing of non-prejudice. It was held, nevertheless, after a careful consideration of the question and an examination of the authorities, that the verdict was an unlawful one and should not be permitted to stand. In the majority opinion it is said that the doctrine of *People v. Knapp, supra,* is adopted as the law of this state. While there is a sharp conflict of judicial opinion upon some phases of the question now under consideration, we believe the cases all hold that the presence in the jury room of a material witness for one of the parties while the jurors are deliberating, is incurable misconduct and will nullify the verdict. It appears from the record in this case that the sheriff was a witness for the state. His testimony was material, but it is not likely that it was carefully scrutinized or subjected to hostile criticism within his hearing. His presence was calculated to restrict discussion and freedom of action in the jury room and the presumption that it was prejudicial to the defendant is not overthrown by the conclusion deduced by the trial court from facts above stated. We do not say that the presence of a bailiff or other intruder in the jury room for a short time while the jury are deliberating, will in every case vitiate the verdict rendered, but we have no hesitation in declaring upon the facts disclosed by this record that the defendant was by the misconduct of the sheriff and bailiff deprived of a substantial right and should have been awarded a new trial. It is claimed that the doctrine of *Gandy v. State, supra,* should not be applied to misdemeanor cases, but no reason for making a distinction between the two classes of cases has been suggested and none is perceived. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.