# Smith *v*. The State.

## *Murder.*

(Decided April 9, 1908. 46 South. 236.)

*Jury; Capital Cases; Peremptory Challenge.*—The peremptory challenges of jurors allowed by section 5008 are in addition to those allowed by section 5015, and it is error to refuse to permit a defendant all the challenges allowed by both sections.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Will Smith was convicted of murder, and he appeals. Reversed and remanded.

The defendant was indicted for murder, and his punishment fixed at imprisonment in the penitentiary for life. When the drawing of the jury was commenced it was ascertained that there was a mistake in the name of J. W. Allen, one of the special veniremen, and he was discarded, and the sheriff directed to summons another juror. The sheriff summoned W. T. Norman, who was

found to be qualified and accepted by the state, but peremptorily challenged by the defendant. It was ascertained that there was a mistake in the name of one Carter, and M. L. Counts was summoned in his stead. He was accepted by the state and challenged by the defendant. At the time of the substitution of Norman and Counts for the other two jurors on the special venire the defendant had had 20 challenges of a peremptory nature. The court then drew the names of Belue, one of the special veniremen specially drawn, and the defendant offered to challenge him peremptorily after he had been accepted by the state. The court declined to permit him to do this, for the reason that he had had all the challenges allowed him by law. There are other errors assigned; but, as they are not noticed in the opinion, they are not set out.

ALMON & ANDREWS, for appellant. Counsel discuss assignments of error but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State.

DOWDELL, J.—The jurors Allen and Norman were substituted jurors under the provisions of section 5007 of the Criminal Code of 1896. The challenges of these jurors by the defendant were not chargeable to the defendant in estimating the 21 challenges to which he was entitled by section 5015. Section 5008 provides as follows: "The defendant is not entitled to a list of the persons summoned under the provisions of the last section [section 5007], but may peremptorily challenge any of them, if drawn on the jury for his trial, in addition to the other peremptory challenges allowed by law." By section 5015 the defendant in a capital case is allowed

21 peremptory challenges. We see no escape from the holding that the peremptory challenges allowed by section 5008 are in addition to those given in section 5015, for so the law is plainly written. Excluding from the estimate the 2 challenges of Allen and Norman, the defendant had only 20 challenges when the juror Beluc was drawn. The court below refused the defendant the right of challenge of this juror. In this the court was in error, for which error the judgment must be reversed.

Reversed and remanded.

TYSON, C. J., and ANDERSON andMCCLELLAN, JJ., concur.