# Peacock *v.* The State.

## *Murder.*

(Decided Feb. 8, 1912.   57 South. 1020.

*Homicide; Arraignment; Indictment; Service of Copy; Necessity.*—A service of the copy of the indictment upon the defendant is not required where the defendant in writing waives a copy of the special venire as authorized by section 7264, Code 1907.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Frank Peacock was convicted of murder in the second degree, and appeals.   Affirmed.

When the defendant was arraigned, the record shows that he filed the following waiver in writing: "I, Frank Peacock, charged with murder in the first degree, do hereby waive a special venire for my trial. [Signed] Frank Peacock, per His Attorney." This waiver having been filed, the court made no order for a service upon the defendant of a copy of the indictment and venire for the trial of the cause.

J. A. CARNLEY, for appellant.   The court erred in failing to make an order requiring copy of the indictment to be served on the defendant.—*Greene v. The State,* 160 Ala. 1; *Spicer v. The State,* 69 Ala. 159; *Allen v. The State,* 146 Ala. 62; *Reynolds v. The State,* 1 Ala. App. 24; *Welch v. The State,* 1 Ala. App. 144.

[Peacock v. The State.]

While there was a waiver of the special venire there was no waiver of copy of indictment.—Secs. 7263, 4, Code 1907; *Spicer v. State, supra; Lomineck v. The State,* 39 South. 77; *Sylvester v. The State,* 71 Ala. 17; *Peters v. The State,* 100 Ala. 10; *Taylor v. The State,* 100 Ala. 10; *Taylor v. The State,* 112 Ala. 69.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. After a discussion of the statutes as they have appeared in the various Codes, and the statute as it now appears, it is insisted that the failure to take timely advantage of any irregularity was a waiver of such irregularity.— *Williams v. The State,* 81 Ala. 1; *Barnett v. The State,* 83 Ala. 40; *Smith v. The State,* 145 Ala. 17. By waiving the special venire, there was an implied if not express waiver of the copy of the indictment.—*Wade v. The State,* 50 Ala. 164; *Driscoll v. The State,* 45 Ala. 21; *Tidwell v. The State,* 70 Ala. 33; *Ezzell v. The State,* 54 Ala. 165; *Wilson v. The State,* 128 Ala. 17; *Thomas v. The State,* 94 Ala. 77.

WALKER, P. J.—It is not claimed in behalf of the appellant that the judgment appealed from is subject to reversal upon any other ground than the absence from the record of any order by the court for the service upon the defendant of a copy of the indictment. The claim is that the performance by the court of the duty of making such an order was not dispensed with by the act of the defendant in waiving in writing a special venire for the trial of the case. This claim cannot be sustained, under the construction given by the Supreme Court, in the case of *McSwean v. State,* 57 South. 732, of the provision of section 32 of the present jury law (Acts Sp. Sess. 1909, pp. 305, 317-320), which embodies the only existing requirement of law for the making

of such an order by the court. The requirement of that statute of the making of such an order, as was in effect held in the case referred to, is now merely a part of the procedure to be followed by the court in the performance of the duty of making special provision for a jury for the trial of a capital felony; and when the performance of that duty is dispensed with in the mode authorized by the statute (Code, § 7264), the entire procedure, not merely a part of it, which it would have been incumbent upon the court to pursue, but for such waiver, is thereby dispensed with. The indictment goes with the principal thing, of which it formed a part. A special venire having been waived by the defendant, the failure of the court to make an order for the service upon him of a copy of the indictment does not constitute a ground of reversal.

Affirmed.