H. M. OWENS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed November 6, 1915.

1. It is manifestly improper for one who is a material witness for the State in a prosecution for murder, to have charge as bailiff of the jury empaneled to try the case, or to he with or have any communications with such jury. Especially is this true when such party continues to remain with such jury after he has been removed as such bailiff by the court, at the instance of the defendant on trial.

2. An impartial jury, selected and kept free from all outside or improper influences, is necessary to a fair and impartial trial.

3. In a prosecution for crime which has resulted in a conviction, where it is made to appear that the jury was not kept free from outside or improper influences, and there is a sharp conflict in the evidence upon material points, the judgment may be reversed.

Writ of error to Circuit Court for Alachua County; James T. Wills, Judge.

Judgment reversed.

*T. W. Fielding* and *Evans Haile,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—H. M. Owens and Alex Powell were indicted and tried for murder in the first degree, which resulted in Alex Powell being acquitted and H. M. Owens convicted of manslaughter. Fifteen errors are assigned, but in view of the conclusion which we have reached it will not be necessary to consider or discuss them all.

We turn to the motion for a new trial, which was overruled and which ruling is assigned as error, and copy the following grounds thereof, which we shall consider together:

"4th. Because one W. F. Beach, a material witness in behalf of the State of Florida, slept in and occupied the same room with the jury that had this defendant in charge.

5th. Because one W. F. Beach, a material witness for the State of Florida, was left in sole charge of the said jury, and escorted said jury to and from supper in a restaurant some distance from the court house, and ate supper with said jury, and had escorted said jury to and from their breakfast and dinner in said restaurant; and at the time of eating supper with said jury, said Beach was at the table with four of said jury, and talked with said four jurors during the time they were eating supper, and for the space of about thirty minutes.

6th. Because W. F. Beach, who was a material witness for the State of Florida, was appointed and designated by P. G. Ramsey, Sheriff of Alachua County, Florida, without the knowledge or consent of defendants, or any of his attorneys, to stay and sleep with the jury that tried this

defendant, and the said Beach did stay and sleep with said jury during defendant's trial.

7th.   Because one W. F. Beach, a material witness for the State of Florida, during the night of the 29th day of January, A. D. 1914, stayed with and slept in the same room with the said jury, and on that same night one F. M. Cellon was the bailiff over said jury.

8th.   Because one F. M. Cellon, being the same F. M. Cellon whom the Judge trying the case, removed on the second day of the trial, after he had slept with the jury trying this defendant, the night before, assisted the prosecuting attorneys in selecting the jury that tried this defendant, and during the trial of this defendant, and while said Cellon was acting as bailiff to said jury, he assisted the attorneys prosecuting this defendant in the prosecution of this defendant, by suggesting questions to said attorneys to ask the witnesses who were testifying, and also assisted said attorneys in prosecuting this defendant by furnishing them with evidence by which they attempted to impeach a witness for this defendant.

9th.   Because the said F. M. Cellon stayed with and slept with the jury in the same room, and escorted the jury to and from their meals, before he was removed as bailiff of said jury by the judge.

10th.   The said F. M. Cellon was removed by the Judge as bailiff over said jury because of his intense interest exhibited by him during the trial of the case against this defendant, but the said removal was not made until the said F. M. Cellon had already spent one night with said jury in the same room with them, and had escorted said jury to and from several meals, and had eaten with them.

11th.   Because said F. M. Cellon, while Aleck Powell was in jail, charged with this defendant for the killing of

Splain, tried to extort a confession from said Aleck Powell, a mere lad under 21 years of age, and tried to force said Aleck Powell to make statements charging this defendant with the murder of Splain.

21st.　That because P. G. Ramsey, then the Sheriff of said county, volunteered information to the State's Attorney concerning one of the talesmen who was selected as one of the jurors and tendered the defendant by the State, in the presence of all the jurors, clearly showing to the jury his interest in the case against the defendant.

22nd.　Because P. G. Ramsey, Sheriff, took an active part in the prosecution of this defendant, H. M. Owens, and so prejudiced this defendant by the appointment of his Deputy, F. M. Cellon, as bailiff, and permitting W. F. Beach, a personal friend of W. E. Bells, and from Bell's home, to sleep and eat with the jury trying the cause, as to prevent this defendant from having a fair trial.

23rd.　Because the Sheriff and his Deputies prevented this defendant from having a fair and impartial trial."

We shall not discuss these grounds in detail.

The transcript of the record shows that the trial of this case was begun on Thursday, the 29th day of January, 1914, and concluded on Saturday, the 31st day of January, when the verdict was rendered. The bill of exceptions discloses that the following proceedings took place:

"Mr. Williams, of counsel for defendants, here stated to the Court that Mr. Cellon, who is the bailiff in charge of this jury, comes forward and whispers to Mr. Broome, who is assisting State's Attorney, in the prosecution, during the trial of this case, and asked for an order of the court that he be removed, and another bailiff be appointed who is not taking an interest in this case. And thereupon

State's Attorney stated that Mr. Cellon had not spoken to him during the trial of the case; that if he had spoken to Mr. Broome, it had not been communicated to him. Whereupon Mr. Broome stated that Mr. Cellon had spoken to him with reference to the case. Motion granted, and the Court ordered Mr. Bruton to take charge of the jury."

It would seem that Mr. Cellon was removed as such bailiff on the second day of the trial, though the record is not entirely clear upon that point. We also find the following proceedings in the bill of exceptions:

"Here, during the second day's trial of the defendants, the attorneys for the defendants, in open court and during the progress of the trial, called the Court's attention to the fact that one W. F. Beach was the bailiff to the petit jury that had these defendants in charge, and that was trying these defendants; that said W. F. Beach was acting in a manner extremely hostile towards the defendants, and then and there the attorneys for said defendants moved the court to remove the said W. F. Beach as bailiff to said petit jury, and to place some impartial bailiff in charge of said jury; and thereupon the court granted the motion of the attorneys for the defendants, and removed the said W. F. Beach as bailiff to said petit jury."

Just how Mr. Beach came to act as bailiff we are not advised, but presumably by order of the Sheriff, since the sheriff alone had authority to so order. See Nicholson v. State, 38 Fla. 99, 20 South. Rep. 818. It is further disclosed that W. F. Beach, who was a deputy sheriff, was called as a witness by the State in rebuttal and gave material testimony against the two defendants. It further appears, not only from the affidavits filed by the defendant, H. M. Owens, on behalf of his motion for a new trial, but from the examination of Mr. Frank E. Cellon, Mr. W.

F. Beach, and Mr. W. T. Bruton, all of whom were deputies of the Sheriff, that both Beach and Cellon were in charge of the jury on the night of the 29th of January and that both Beach and Bruton had charge of the jury on the following night, being the only two nights the jury was out during the trial. It also appears that Beach went with the jury to supper on each night, the first night with Cellon and the second night with Bruton, and ate with them, the second night, when he had been removed as bailiff, still being at supper and eating with them. Still other facts and circumstances are made to appear, which we do not deem it necessary to set forth. It is sufficient to say that, while it is not affirmatively made to appear that either Beach or Cellon did actually attempt to influence the jury in any way, and, as a matter of fact each one positively denies having done so, yet it plainly appears that each one had the opportunity of so doing. It was manifestly improper for Beach, who was a material witness for the prosecution, to have charge of or to be with the jury. See People v. Knapp, 42 Mich. 267, 3 N. W. Rep. 927, 36 Amer. Rep. 438, and appended note. We would also refer to Madden v. State, 1 Kans. 340; State v. Snyder, 20 Kans. 306; Gainey v. People, 97 Ill. 270; Rickard v. State, 74 Ind. 275. We shall not undertake to express any opinion concerning the evidence. Suffice it to say that there is a conflict therein upon material points. This being true, and it plainly appearing that some of the deputies of the sheriff had acted in an irregular and improper manner while in charge of the jury, and it would seem, were over-zealous for the prosecution, we think that the ends of justice would be best subserved by another trial. As was said in Buxton v. State, 89 Tenn. 216, text 217, 14 S. W. Rep. 480, "An impartial jury; selected and kept free from all outside or improper influences, has always

been regarded by our courts as necessary to a fair and impartial trial."

The other errors complained of need not arise upon another trial, therefore we shall not discuss them.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J. concur.