166 So. 615

### OLIVER v. STATE.

#### 5 Div. 215.

Supreme Court of Alabama.

March 12, 1936.

W. Howell Morrow, of Lanett, and Jacob A. Walker, of Opelika, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

8

THOMAS, Justice.

The defendant was indicted and convicted of murder in the first degree.

From the verdict and judgment of murder in the first degree imposing the death penalty, the appeal is taken.

It appears from the record proper that defendant was arraigned on January 18, 1935, and filed his motion to quash the indictment on the ground that it was returned by the grand jury which was impaneled on September 3, 1934. The motion alleged that the regular grand jury was discharged by calling a special session of court for that county on December 13, 1934, at which the true bill was returned.

The record shows that the grand jury for the county for its Fall term, 1934, was drawn and impaneled on September 3, 1934; that on December 12, 1934, the circuit judge ordered a special session of that court to convene on December 14, 1934, and commanded the sheriff to issue summons for the grand jurors; that the sheriff of said county forthwith summoned the members of the regular grand jury for the term to appear at the time named. The regular grand jury of that court convened pursuant to summons at the special session called by its presiding judge, returned the indictment against this appellant, and on his arraignment defendant moved to quash the indictment, which motion was duly overruled. The procedure to indictment and trial was in accordance with the statute, section 8665, Code of 1923. Riley v. State, 209 Ala. 505, 96 So. 599; Kilpatrick v. State, 213 Ala. 358, 104 So. 656; Hudson v. State, 217 Ala. 479, 480, 116 So. 800; Petty v. State, 224 Ala. 451, 140 So. 585. The record does not show that a special grand jury was called, but that the same grand jury which convened on September 3, 1934, for the Fall term of that court was not shown to have been theretofore discharged. Such inquisitorial body remained in session until dissolved by operation of law—by an order of the court, or by expiration of the term for which it was drawn and impaneled. Petty v. State; Riley v. State, supra; Whittle v. State, 205 Ala. 639, 89 So. 43; Caldwell v. State, 203 Ala. 412, 84 So. 272.

■ Under the provisions of the act of 1933 (Gen.Acts 1933, pp. 144, 145), there was no error in refusing defendant's motion to stay the trial in order to appoint a special commission or the superintendent of the state hospitals for the insane to examine him and report his mental condition when the crime was committed and at the time of the trial. This statute merely states or confirms the inherent powers of a court in the premises, as to a defendant to be placed upon trial for crime. Ala. Great Southern R. R. Co. v. Hill, 90 Ala. 71, 8 So. 90, 9 L.R.A. 442, 24 Am.St.Rep. 764; Id., 93 Ala. 514, 9 So. 722, 30 Am.St.Rep. 65. The former statute on the same subject, section 7178, Code of 1907, section 4575, Code of 1923, was held, not mandatory, merely discretionary, for the purpose of advising the court. Rohn v. State, 186 Ala. 5, 65 So. 42; Granberry v. State, 184 Ala. 5, 63 So. 975. The former statute bears marked similarity to the act of 1933 (Gen.Acts 1933, p. 144), and was held not mandatory. Gast v. State, post, p. 307, 167 So. 554.

■ In construing a statute, if its terms will permit, it should be construed to sustain its constitutionality. If this statute be held to be mandatory, a constitutional question will be presented, in that the right to pass upon the sanity of a defendant to be tried for crime in the circuit court, is a prerogative right that may not be denied that court. There was no error in the denial of the defendant's motion by the trial court.

■■ Defendant's counsel insist that defendant was intoxicated and could not entertain the necessary intent and elements of murder in the first degree. The evidence as to this was in conflict; a jury question was presented under the decisions. The verdict and judgment was warranted by the evidence, and under the rule that obtains, the jury were authorized to find that the defendant was capable of entertaining the specific intent which constitutes an essential element and which caused him to commit the crime of murder for which he was convicted. Gilmer v. State, 181 Ala. 23, 61 So. 377; James v. State, 193 Ala. 55, 69 So. 569, Ann.Cas.1918B, 119; Sharp v. State, 193 Ala. 22, 69 So. 122; 30 C.J. 332; Cagle v. State, 211 Ala. 346, 100 So. 318; Laws v. State, 144 Ala. 118, 42 So. 40; Bell v. State, 140 Ala. 57, 37 So. 281. The general affirmative charge requested was properly refused. Cobb v. Malone & Collins, 92 Ala. 630, 633, 9 So. 738.

■ There is great conflict in the evidence as to the sanity and insanity of the defendant before and at the time of the commission of the crime. The verdict and judgment thereon is well-supported by the evidence. The several witnesses, expert and lay, so testifying on that issue were duly qualified, and properly permitted to express opinions within the rule that obtains. There was no error in allowing Dr. Sewell, who qualified as an expert, to testify for the state (Williams v. State, 224 Ala. 6, 138 So. 291; Kilpatrick v. State, 213 Ala. 358, 104 So. 656; Bass v. State, 219 Ala. 282, 122 So. 45); as one who is shown to be sufficiently familiar with a person and states the sufficient facts on which he bases his opinion, may testify of the sanity vel non of a defendant. The qualification is addressed to the sound discretion of the trial court. Jones v. State, 181 Ala. 63, 61 So. 434.

■ The argument for the state, that in selecting the jury the defendant had two strikes to the state's one, had no proper place as an appeal to the jury (Watson v. State, 155 Ala. 9, 46 So. 236). The trial court sustained the objection thereto.

■ The argument of the solicitor that there was a Governor with pardoning power was likewise improper and excluded. These remarks of the state's counsel were of the class of improper arguments which may be remedied or their evil effects eradicated by instructions of the court. Anderson v. State, 209 Ala. 36, 95 So. 171; Bachelor v. State, 216 Ala. 356, 113 So. 67; Peterson v. State, 231 Ala. 625, 166 So. 20.

■ The motion in arrest of judgment contained the ground that the verdict was not sufficient on which to rest the judgment entered thereupon. The verdict, referable to the indictment, was sufficient under the law. The name of the party alleged in the indictment to have been killed was not required to be stated in the verdict and finding of the jury. The finding of the jury was murder in the first degree, and the punishment fixed at death. This was sufficient under the statute Code 1923, 4457 and decisions. Ruff v. State, 229 Ala. 649, 159 So. 94; Ledlow v. State, 221 Ala. 511, 129 So. 282; Gross v. State (Ala.Sup.) 165 So. 840.

It is established that in their deliberation the jury should be separated from and uninfluenced by the outside world. Any misconduct that might influence the jury, affect the verdict rendered or the punishment fixed, is a cause for a new trial. The test of vitiating influence upon a jury authorizing a new trial is not whether it did influence the jury to act without the evidence, but whether it might have unlawfully influenced the jury in the verdict returned, as to its nature, character, or degree, or the amount and extent of the punishment fixed by the jury within the statute. The authorities on this subject are collected in Roan v. State, 225 Ala. 428, 435, 143 So. 454; Leith v. State, 206 Ala. 439, 443, 444, 90 So. 687; Lakey v. State, 206 Ala. 180, 182, 89 So. 605.

The coroner Enslen, who had been active in investigating the case, procuring witnesses, causing the defendant's arrest, testified as to material facts and should not have been permitted by the sheriff to have charge of the jury and to remain with them during much of their deliberation. As to this conduct, the state did not overcome the presumption of injury that entered into the verdict rendered by reason of the presence of such witness. Roan v. State, supra; Aylward v. State, 216 Ala. 218, 113 So. 22; Satterfield v. State, 212 Ala. 349, 102 So. 691; Lowery v. State, 23 Ala.App. 191, 122 So. 603; Taylor v. State, 18 Ala.App. 466, 93 So. 78.

Each case is to be judged by its particular facts. Bell v. State, 227 Ala. 254, 149 So. 687. The association of this witness (Enslen) as special bailiff in control of the jury during the trial and its deliberations, furnished opportunity for ingratiating himself in the minds of the individual jurors, and for unduly emphasizing his testimony given in that case, causing it to affect and enter into the verdict rendered. His constant presence with the jury no doubt had bearing upon the case, though he and the jurors testified that he had not spoken to any individual juror about the evidence in the case or about the defendant. The injury which resulted was no doubt unconsciously brought about, but was none the less real or effective.

In a case very much like this case, Owens v. State of Florida, 68 Fla. 154, 159–160, 67 So. 39, 40, Ann.Cas.1917B, 252, the Chief Justice observed: "It is sufficient to say that, while it is not affirmatively made to appear that either Beach or Cellon did actually attempt to influence the jury in any way, and, as a matter of fact each one positively denies having done so, yet it plainly appears that each one had the opportunity of so doing. It was manifestly improper for Beach, who was a material witness for the prosecution, to have charge of or to be with the jury. See People v. Knapp, 42 Mich. 267, 3 N.W. 927, 36 Am. Rep. 438, and appended note. We would also refer to Madden v. State, 1 Kan. 340; State v. Snyder, 20 Kan. 306; Gainey v. People, 97 Ill. 270, 37 Am.Rep. 109; Rickard v. State, 74 Ind. 275. We shall not undertake to express any opinion concerning the evidence. Suffice it to say that there is a conflict therein upon material points. This being true, and it plainly appearing that some of the deputies of the sheriff had acted in an irregular and improper manner while in charge of the jury and it would seem, were over zealous for the prosecution, we think that the ends of justice would be best subserved by another trial. As was said in Buxton v. State, 89 Tenn. 216, text 217, 14 S.W. 480: 'An impartial jury, selected and kept free from all outside or improper influences, has always been regarded by our courts as necessary to a fair and impartial trial.'"

For the action of allowing the jury to be in charge of the witness Enslen and his immediate presence and association with the jury during the trial, a new trial should be and is hereby granted. The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.