18 So.2d 834

PUCKETT v. STATE.

8 Div. 406.

Court of Appeals of Alabama.

April 18, 1944.

Rehearing Denied May 9, 1944.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

Claud D. Scruggs, of Guntersville, for appellant.

RICE, Judge.

This appellant was tried and convicted on an indictment charging robbery, and his punishment fixed at twenty years' imprisonment in the penitentiary. Code 1940, Tit. 14, Sec. 415.

It was alleged in the indictment that he "feloniously took one 1937 Model Chevrolet automobile, color black, two door, motor No. 258509, and two one dollar bills and six silver dollars, lawful money of the United States of America, of the value of Two Hundred Dollars, the property of Lorimer O. Oldacre, from his person and against his will, by violence to his person or by putting him in such fear as unwillingly to part with the same, against etc."

Appellant's pleas were: (1) Not guilty, and (2) not guilty by reason of insanity. Specifically, that he was not present where

the undisputed robbery took place, and hence was not the man who robbed Lorimer O. Oldacre of his car and his money; but that if he was present, and did rob him, he was not guilty by reason of being insane at the time.

The issues thus raised were all submitted to the jury, under what we conceive to be correct instructions as to the law.

The State's testimony amply supported the allegations of the indictment; and the appellant's proof, with regard to his two pleas—he did not testify, himself—had a fair submission to the jury. Their verdict was sufficiently sustained by the evidence.

We have endeavored to perform our duty under the Statute (Code 1940, Tit. 15, Sec. 389), but are persuaded that no matters need discussion other than those argued by appellant's counsel in his excellent brief filed here.

He first complains that the trial judge refused his request to comply with the terms of Code 1940, Tit. 15, Sec. 425, by appointing, as prescribed therein, "three reputable specialist practitioners in mental and nervous diseases" to report to him as to whether or not there was "reasonable ground to believe that such defendant (appellant) was insane either, at the time of the commission of such offense, or presently." And he reserved an exception to such refusal by the trial court; arguing it here as error sufficient to reverse the judgment of conviction.

█ But, bearing in mind that Code 1940, Tit. 15, Sec. 425, is but a codification, without material change, of Gen. Acts 1933, pp. 144, 145, our Supreme Court in their opinion in the case of Oliver v. State, 232 Ala. 5, 166 So. 615, 616 have heretofore given what seems to us a complete answer—which of course concludes us (Code 1940, Tit. 13, Sec. 95)—to the argument for error by appellant's able counsel. We quote and adopt their language therein as being in all respects applicable here, viz:

"Under the provisions of the act of 1933 (Gen. Acts 1933, pp. 144, 145), there was no error in refusing defendant's motion to stay the trial in order to appoint a special commission or the superintendent of the state hospitals for the insane to examine him and report his mental condition when the crime was committed and at the time of the trial. This statute merely states or confirms the inherent powers of a court in the premises, as to a defendant to be placed upon trial for crime. Alabama Great Southern R. Co. v. Hill, 90 Ala. 71, 8 So. 90, 9 L.R.A. 442, 24 Am.St.Rep. 764; Id., 93 Ala. 514, 9 So. 722, 30 Am.St.Rep. 65. The former statute on the same subject, section 7178, Code of 1907, section 4575, Code of 1923, was held not mandatory, merely discretionary, for the purpose of advising the court. Rohn v. State, 186 Ala. 5, 65 So. 42; Granberry v. State, 184 Ala. 5, 63 So. 975. The former statute bears marked similarity to the act of 1933 (Gen. Acts 1933, p. 144), and was held not mandatory. Gast v. State, [232] Ala. [307], 167 So. 554.

"In construing a statute, if its terms will permit, it should be construed to sustain its constitutionality. If this statute be held to be mandatory, a constitutional question will be presented, in that the right to pass upon the sanity of a defendant to be tried for crime in the circuit court, is a prerogative right that may not be denied that court. There was no error in the denial of the defendant's motion by the trial court."

Next, it is claimed that the trial court committed error in refusing to continue the trial of the case "until a copy of the indictment and copy of the venire or list of the names of the jurors drawn for this week (the week of the trial) were served upon the defendant by the Sheriff at least one entire day before the day set for the trial."

In this connection counsel argue: "Section 63 of Title 30 of the Code of 1940 is mandatory. The fact that a special venire was waived by the defendant does not waive the service of the indictment and list of jurors drawn for that week to be served upon him." But we think the argument unsound.

Here, the judgment entry recites, on arraignment, among the other necessary things, the following, viz: "The State by its Solicitor files in Court a written waiver of capital punishment and the defendant files in court a written waiver of special venire."

█ Not bothering ourselves, for the moment, concerning the efficacy, vel non, of the Solicitor's "written waiver of capital punishment"—which efficacy we doubt—there seems no question but that the defendant (appellant) had a perfect right to waive "the right of a special venire," which he did. Code 1940, Tit. 30, Sec. 70. And not only does the Statute say, but our Supreme Court confirms, that in such.

case "the trial of the cause shall be had and the question of the degree of guilt must be ascertained and the punishment, fixed by a jury to be selected from the panel of regular petit jurors organized by the court during the week such case is set for trial, in the same manner as juries are organized for the trial of felonies not capital." Code 1940, Tit. 30, Sec. 70; McSwean v. State, 175 Ala. 21, 57 So. 732; White v. State, 209 Ala. 546, 96 So. 709. And see Peacock v. State, 3 Ala.App. 22, 57 So. 1020. So the action of the court being here discussed was without error.

As heretofore stated, one of appellant's pleas to the indictment was "not guilty by reason of insanity." In support of this plea he offered, principally, the depositions of Doctors Lee Weathington, W. D. Partlow, Sydney Leach and P. B. Mayfield. Dr. Weathington was the County Health Officer of Morgan County; Doctors Partlow, Leach and Mayfield were connected with the Alabama Insane Hospitals, Doctor Partlow being Superintendent thereof.

These depositions dealt, in their nature, with highly technical subjects; but when taken together, and closely analyzed and studied, were calculated to lend considerable strength to appellant's said plea of "not guilty by reason of insanity." We do not believe that the ordinary jury of laymen, merely by hearing said depositions read to them in evidence, would be able to grasp the full import of their meaning; but that if the same jury was allowed to read same carefully, perhaps more than once, they would become possessed of a meaning thereby that would redound or react in favor of a belief of appellant's said plea. In our opinion appellant's defense suffered substantially and prejudicially by the jury being denied the privilege of taking said depositions with them to their jury room when they retired to make up their verdict in the case. Appellant duly requested that the jury be allowed to take said depositions out with them, and reserved an exception to the trial court's refusal of this request.

Code 1940, Tit. 7, Sec. 275—no different from similar sections in prior Codes for years back—is in the following language, to-wit: "All instruments of evidence, and depositions read to the jury, may be taken out by them on their retirement." Our Code Commissioner in making up the Code of 1940 appends to this Section 275 of Title 7, in part, the following annotation, viz: "The Supreme Court, interpreting this section, seems to have held that it rests within the discretion of the trial court whether showings (or depositions, we apprehend) shall be taken out by the jury on their retirement"—citing Shirley v. State, 144 Ala. 35, 40 So. 269, 271. Well, we will not argue the point.

But it is interesting to note that the Code Commissioner draws its inference from the following language found in the opinion by the Supreme Court in the said case of Shirley v. State, supra: "There was no error committed in allowing the written evidence of Klausen to be carried out by the jury. If it was not a matter of right the state had, under section 3329 of the Code of 1896 (now Code 1940, Tit. 7, Sec. 275), to have the jury carry the written evidence with them, it was at least a matter that rested in the discretion of the court." This referred to the evidence of Klausen which had been written down on a preliminary hearing, and was offered in its said written form on the trial being discussed in the opinion. Appellant Shirley had objected to its being taken out by the jury.

The Supreme Court seems to us, there, to rather strongly intimate that the State (or the defendant) had a right to have the jury take out with them the said writing.

But however that is, and whether or not the question before us is effected in any way by our recent holding in the case of Fuller v. State, Ala.App., 16 So.2d 428,[1] we are clear to the conclusion that, even granting that it rested within the discretion of the trial court as to whether or not he would allow the jury, when they retired to consider the case, to take out with them, on appellant's request, the depositions referred to above, he, by refusing such request, for the reasons we have outlined hereinabove, abused his discretion, and committed error—highly prejudicial to appellant, as noted.

Some of the charges requested in writing by, and refused to, appellant would seem to state approved and applicable principles of the law. Whether or not they were covered by and included in some other charge, oral or written, given to the jury, and hence properly refused, we will not stop to inquire. On another trial, the learned nisi prius judge, who seems to have a perfect

[1] Ante, p. 324.

432

grasp of the general theory of the law involved, will not allow the questions to arise in their present form.

For the error pointed out the judgment is reversed and the cause remanded.

Reversed and remanded.

