# Williams *v.* The State.

*Proceedings in Bastardy.*

1. *Bastardy proceeding; failure to assign errors on appeal leads to dismissal of appeal.*—A proceeding in bastardy is purely statutory, and is not a criminal case within the meaning of the statute, which dispenses with the assignment of errors in criminal cases taken to the Supreme Court by writ of error or appeal, (Cr. Code of 1886, § 4509; Cr. Code of 1896, § 4333); and where on an appeal by the defendant from a judgment of conviction in such proceeding, the case is submitted without an assignment of errors, the judgment will be affirmed.

APPEAL from the Circuit Court of Bullock.
Tried before the Hon. J. M. CARMICHAEL.

The facts of the case are sufficiently stated in the opinion.

J. D. NORMAN, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—This is an appeal by the defendant from a judgment of conviction in proceedings in bastardy, and has been submitted without an assignment of errors, necessitating an affirmance.

The statute dispenses with an assignment of errors in criminal cases only—judgments of conviction of criminal offenses brought here by writ of error or appeal. Cr. Code of 1886, § 4509; Cr. Code of 1896, § 4333. Proceedings in bastardy are statutory, and to them the statutes which give a writ of error or appeal in criminal cases do not extend. The statute prescribing the course of proceeding confers on either party, the State, or the defendant, the right of appeal, if taken within thirty days after judgment, and either party must give security for the costs of appeal.—Cr. Code of 1886, § 4866; Cr. Code of 1896, § 4405. The State, under the statute relating to criminal cases, is not (except in a particular class of cases, by recent legislation), entitled to a writ

[Fuller v. The State.]

of error or appeal, and of the defendant security for costs is not exacted. It is apparent the two statutes have no relation to each other, and have distinct, different fields of operation.

Affirmed.