(95 South. 383)

## HYMES v. STATE.  (6 Div. 706.)

(Supreme Court of Alabama.  Feb. 1, 1923.)

**1. Appeal and error �købrace515(2)—Note of testimony heard orally must be made.**

In all cases tried in circuit court in equity, the testimony must be shown in the transcript by note of testimony as required by chancery practice rule 75, which is mandatory.

**2. Infants ⊨16—Decree rendered on appeal by equity court in proceedings against a delinquent should be reversed, where rendered without note of testimony.**

Gen. Acts 1919, p. 143, § 25, provides as to appeals to an equity court in proceeding against delinquents requires the court to try the case de novo and render such judgment as to it shall seem just, etc., but a decree rendered without a note of testimony as required by chancery practice rule 75 should be reversed.

**3. Appeal and error ⊨719(1)—Errors must be assigned in a civil cause.**

Supreme Court Rule 1 (20 South. iv) requires that errors in a civil cause must be assigned, errors not assigned being considered waived, unless it be want of jurisdiction of subject-matter.

**4. Appeal and error ⊨755—Briefs filed when civil cause submitted.**

Under Supreme Court Rule 13 (175 Ala. xviii, 61 South. vii), briefs must be filed when a civil cause is submitted.

**5. Criminal Law ⊨1129(1), 1130(1)—No assignment of error or briefs necessary, when defendant prosecutes appeal.**

Under Code 1907, § 6264, it is not necessary to assign errors or file a brief in a criminal case, when defendant prosecutes the appeal, the court considering all questions apparent on record or reserved by bill of exceptions.

**6. Infants ⊨16—Proceeding to commit delinquent to state school quasi criminal, so that errors must be assigned on appeal.**

A proceeding under Gen. Acts 1919, p. 128, to commit a delinquent boy to the state Industrial School is quasi criminal requiring errors to be assigned on appeal pursuant to Supreme Court Rule 1 (20 South. iv), and it is not a criminal case so that Code 1907, § 6264, dispensing with the assignment of errors in such a case does not apply, and hence decree of the chancery court affirming an order of commitment by a juvenile court decree will be affirmed on appeal, where no errors are assigned by appellant.

Gardner, J., dissenting.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Sam Hymes was committed to the Alabama Boys' Industrial School, and he appeals.  Affirmed.

MILLER, J.  The defendant, Sam Hymes, appellant here, was charged with being a delinquent, guilty of burglary, and a child under 16 years of age, by petition of S. D. Willingham, verified by affidavit, filed in the juvenile court of Jefferson county, as is permitted by section 7 of an act approved February 19, 1919. Gen. Acts 1919, p. 130.

The defendant, on the hearing in the juvenile court, was declared to be a child under 16 years of age, a delinquent, and in need of care and protection of the state; and he was by an order and judgment of the court committed to the Alabama Boys' Industrial School.  Section 10 of the above-cited act states the court may commit any delinquent white boy to the Alabama Boys' Industrial School.

From this judgment of this juvenile court an appeal may be taken by any party aggrieved to any court of the county, having equity jurisdiction, within ten days after the entering of the judgment in the cause. This judgment was rendered and entered on October 10, 1921, and the defendant on that day, after the judgment was entered, appealed to the chancery court or circuit court in equity of Jefferson county, as allowed by section 25 of this act. This appeal bond with certified copy of the judgment, petition, and all papers in the juvenile court were filed in the circuit court, in equity. The circuit court, by decree rendered May 16, 1922, declared it was for the best interest of society and the welfare of the child that he be sent to the Alabama Boys' Industrial School, ordered that he be sent there; that he was a delinquent, and directed that the cause be remanded to the juvenile court for its supervision and care over the defendant in the enforcement of the decree and that a copy of its judgment be filed in the juvenile court. This was in accordance with section 25 of this act.

[1, 2] The defendant, on the same day this decree was rendered, appealed therefrom to this court. This decree states it "was submitted for decree upon pleadings and proof as noted by the register." We find no proof in the record. We find no note of testimony in the transcript. This was necessary. Rule 75 of chancery practice is mandatory, and must be observed. This rule has been held to apply to all cases tried in the circuit court, sitting in equity (Crews et al. v. State ex rel., 206 Ala. 101, 89 South. 205), and is therefore applicable to this cause (Blackburn v. Moore, 206 Ala. 335, 89 South. 745; Beck v. Burchfield, 205 Ala. 486, 88 South. 417; Coleman v. Birmingham F. Co. [Ala. Sup.] 93 South. 904 [1]). There is no testimony in the record. There is no testimony to support the decree. Section 25 of the act requires the equity court to try the case de novo, and that it shall proceed under and

---

⊨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 208 Ala. 160.

in pursuance of the intent and terms of this act to render such judgment as to it shall seem just and for the best interest of society and for the welfare of such child. This decree granting the petition, rendered without a note of testimony, should be reversed under rule 75; but it is not assigned as error. Crews v. State, 206 Ala. 101, 89 South. 205; Blackburn v. Moore, 206 Ala. 335, 89 South. 745; Beck v. Burchfield, 205 Ala. 486, 88 South. 417. Was this necessary?

[3, 4] There were no errors assigned in this case, as provided by Rule 1 of this court. 20 South. iv. This was necessary, if this is a civil cause. Errors not assigned, apparent on the record, in civil causes, will not be considered by this court; they will be considered waived, unless it be a want of jurisdiction of the subject-matter. Tuskaloosa Cotton Seed Oil Co. v. Perry, 85 Ala. 158, headnote 1, 4 South. 635. No brief was filed by appellant when the cause was submitted, and no brief is in the record by appellant, as required by rule 13 (175 Ala. xviii, 61 South. vii) of this court. A brief should have been filed by the appellant when the cause was submitted, if this is a civil cause.

[5] It is not necessary to assign errors or to file a brief in a criminal case when the defendant prosecutes the appeal. Davis v. State, 205 Ala. 673, 88 South. 868; Stone v. State (Ala. Sup.) 93 South. 706.[2] The court must in such case "consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands." Section 6264, Code 1907.

[6] Is this a civil cause or criminal case or a quasi criminal cause, under rule 1 of this court and section 6264 of the Code of 1907? This is a proceeding commenced against the defendant to determine whether he should be made a ward of the state, in need of its care and protection, for the good of society and for the welfare of the defendant, on the ground he is under 16 years of age, is a dependent, and has violated the criminal law of the state. It is commenced in the name of the state of Alabama against the defendant, by petition stating the facts, verified by affidavit. Section 7, Gen. Acts 1919, p. 130. If it appears from the petition that the defendant has violated any penal law of this state and his welfare requires his custody to be immediately assumed, the judge must direct, by indorsement on the summons, that the officer serving the same shall at once take the defendant into his custody. This order was made in this case. The defendant was taken into the custody of the officer, and bond for his appearance at court was given him as the judge permitted, and as the statute allowed.

Section 8, Gen. Acts 1919, p. 131. If the child is shown to be a delinquent white boy, the court may commit him to the Alabama Boys' Industrial School. Section 8, supra. Section 11 of this act also provides:

"No adjudication or judgment under the provisions of this act shall operate to disqualify this child for any office in any state or municipality, or from any civil service under any part of the government, and such child shall not be denominated or held to be a criminal by reason of any such adjudication nor shall such adjudication be held to be, or denominated, a conviction."

The defendant cannot, in this proceeding, be convicted of the criminal offense alleged in the petition. It is not a criminal proceeding against him. The statute is for the benefit of the unfortunate child, as well as for the public good. The state by the act places its care and protection around him, takes the custody, control and discipline of him, does not seek to declare or treat him as a criminal, but makes him its ward and thereby protects society, and looks after the welfare of the child. Such a statute and the proceedings under it are sui generis. They are neither civil nor criminal, yet they partake of the nature of both, and hence should be styled quasi criminal.

Bastardy proceedings and statutes have been declared by this court to be quasi criminal; and when an appeal is taken by a defendant from a judgment of conviction of bastardy to this court, and the case is submitted without an assignment of errors, the judgment will be affirmed. Williams v. State, 117 Ala. 199, 23 South. 42; State v. Hunter, 67 Ala. 81; Smith v. State, 73 Ala. 11; Dorgan v. State, 72 Ala. 173. This statute (section 6264 of the Code of 1907) dispenses with the necessity of an assignment of errors in criminal cases only. Williams v. State, 117 Ala. 199, 23 South. 42; Perry v. State, 1 Ala. App. 253, 55 South. 1035; State v. Dodd, 9 Ala. App. 65, 64 South. 169.

The appellant assigns no error on the record. Rule 1 of this court (20 South. iv) is ignored; it applies to this cause. Section 6264, Code of 1907, has no application. This is a quasi criminal, and not a criminal cause. Errors should have been assigned by the appellant. The record affirmatively discloses that the trial court had jurisdiction of the subject-matter. The decree appealed from must be affirmed, as it is not assigned as error. Williams v. State, 117 Ala. 199, 23 South. 42; Tuskaloosa Cotton Seed Oil Co. v. Perry, 85 Ala. 158, headnote 1, 4 South 635.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

_____

[2] 208 Ala. 50.

GARDNER, J. (dissenting). The statute here in question appears to make no provision for an appeal to this court in cases of this character. I do not consider the order here entered was such a final decree of the equity court as to come within the influence of section 2837 of the Code. An appeal is a matter of statutory creation, and, entertaining the view that there is no statute authorizing an appeal, I think the appeal should be dismissed.