(97 South. 57)

## MARTIN v. STATE. (6 Div. 745.)

(Supreme Court of Alabama. Feb. 1, 1923. Rehearing Granted June 14, 1923.)

**1. Courts ⊜=43—Legislature had power to confer jurisdiction over persons of infants on juvenile court.**

The power of controlling the persons of infants to promote their highest welfare is a part of the inherent original jurisdiction of equity which may, by legislative action, be conferred upon the juvenile court concurrently with the chancery, or the circuit court, as it was by Code 1907, § 5202.

**2. Infants ⊜=19—Decree that infant was dependent must be reversed if record contains no note of testimony.**

A decree of the circuit court rendered after appeal from the juvenile court, declaring an infant to be a dependent child and in need of the care and protection of the state, and committing the child to the Children's Aid Society, must be reversed, where the record contains no note of testimony.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Margaret Annie Lee Martin was committed to the Alabama Children's Aid Society as a dependent child, and she appeals. Reversed and remanded.

J. Reese Murray, of Birmingham, and Pinkney Scott, of Bessemer, for appellant.

Counsel argue that the custody of the child should have been awarded to the adopted mother, citing Code 1907, § 5202.

Joseph R. Tate, of Birmingham, for the State.

No brief reached the Reporter.

SAYRE, J. [1] This was a proceeding in the juvenile court of Jefferson county to determine the delinquency of Margaret Annie Lee Martin, alias, etc., a child three years of age, whose parents were unknown, and to direct her guardianship and custody according to the provisions of the act establishing the juvenile court, approved February 19, 1919 (Acts, p. 128 et seq.). Upon hearing the evidence the juvenile court adjudged the child in question to be dependent and neglected and in need of the care and protection of the state, and committed her to the care of the Alabama Children's Aid Society. The child, it appears, was in the custody of one Effie Zoder, and this proceeding was set on foot by Vina A. Thomas, who now appeals in the name of the child, alleging that she had adopted the child in pursuance of section 5202 of the Code, which provides for the adoption of children, and complaining that the custody of the child was improperly and

---

erroneously taken from her by the decree. This appeal is taken from a decree of the circuit court of Jefferson county where the cause was tried de novo on appeal from the juvenile court, as provided by section 25 of the act establishing the last-named court. Both decrees purport to have been rendered upon consideration of the evidence, but there is no reproduction of the evidence here for our consideration, and, obviously, this court has no means of reviewing the decree in question on its merits. There is complaint, expressed in very general terms in the brief, that the juvenile court had not authority to dispose of this child as it did contrary to the wishes of its adopted parent. The record furnishes no evidence that the real appellant, who claims to have adopted this child, is in law or fact the adopted parent. We have only her assertion, and it may be that the chancellor and the judge of the juvenile court had no more. If, however, the purpose of the appellant be to draw into question the constitutional power of the court, it seems enough to say that the power, conferred upon the juvenile court, of controlling the persons of infants to promote their highest welfare, is a part of the inherent original jurisdiction of equity (3 Pom. Eq. Jur. [4th Ed.] § 1307), and may by legislative action be conferred upon the juvenile court concurrently with chancery or the circuit court exercising chancery powers (Ex parte Pruitt, 207 Ala. 261, 92 South. 426).

[2] In this cause there is an assignment of errors, but no note of testimony nor, as we have already said, any testimony. In this state of the record the writer has stated above what he considered to be a proper disposition of the cause. However the court is of opinion that the appeal is governed by the rule laid down in Lunday v. Jones, 204 Ala. 326, 85 South. 411; Five Hundred Sacks of Feed, etc., 205 Ala. 315, 87 South. 348; Crews v. Patterson, 206 Ala. 101, 89 South. 205; Hymes v. State (Ala. Sup.) 95 South. 383,[1] and the writer has reluctantly acquiesced. The decree, therefore, must be reversed.

Reversed and remanded.

All the Justices concur.

### On Rehearing.

On appellee's application the former submission of this cause was set aside and a writ of certiorari awarded to perfect the transcript of the record, after which the cause was submitted for further consideration. It now appears that there was a note of testimony in the trial court, and the note, but not the testimony noted, is now before the court. This court, therefore, is still without knowledge of the evidence in the cause and is still unable to review the decree on its merits. It results that now the decree must be affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.