(101 So. 73)

### THOMAS v. STATE.   (6 Div. 443.)

(Court of·Appeals of Alabama.   June 24, 1924.)

Habeas corpus ⊕⟶20—Petition properly dismissed, in view of former adjudication, in absence of showing of change of conditions.·

In absence of a showing of change in conditions since a former trial in the circuit court in equity, a petition for habeas corpus to secure custody of a minor child was properly dismissed, where identical case had been determined.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Proceeding by Vina A. Thomas, by petition for writ of habeas corpus for custody and control of a minor held by the Alabama Children's Aid Society. From a decree sustaining demurrer of the State and dismissing the petition, petitioner appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

It was error to sustain demurrer to the petition. Barriere v. State, 142 Ala. 75, 39 South. 55; Brinster v. Compton, 68 Ala. 301; Ex parte Champion, 52 Ala. 311.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J.   This was a petition of Vina A. Thomas to have restored to her possession her adopted child, Margaret Annie Lee Martin, averring that said child was about 4 years of age and was held by the Alabama Children's Aid Society. The state interposed demurrer to the petition and filed plea averring that—

"The right, of the petitioner to the care, custody, and control of said minor child has heretofore been adjudicated and determined by a court of competent jurisdiction, to .wit, the circuit court of the Tenth judicial circuit of Alabama, in equity, as shown by final decree rendered on July 18, 1922, in the case of Margaret Annie Lee Martin, alias Margaret Annie Lee Thomas, No. 9824, which decree was appealed by petitioner to the Supreme Court of Alabama, and there affirmed as shown by Martin v. State, 210 Ala. 44, 97 South. 57. That the matters and things sought to be adjudicated and determined in this cause are the identical matters and things heretofore determined by this court in case No. 9824, which adjudication and final determination appear of record."

A copy of the final decree of the said circuit court in equity is attached to the plea. The decree affirmed the judgment of the juvenile court, and committed the said minor to the care, custody, and control of the Alabama Children's Aid Society, and remanded the cause to the juvenile court for the execution of the decree and for further supervision of the said Margaret Annie Lee Martin.

Appeal was taken to the Supreme Court from the decree of the circuit court of Jefferson county, in equity, in said cause, and the decree was affirmed.

The Supreme Court in the Martin Case, supra, holds that—

"The power of controlling the persons of infants to promote their highest welfare is a part of the inherent original jurisdiction of equity which may, by legislative action, be conferred upon the juvenile court concurrently with the chancery, or the circuit court, as it was by Code 1907, § 5202."

On rehearing, the decree of the circuit court in equity was affirmed. Martin v. State, supra.

The plea was a complete answer to the facts set out in the petition, and the court properly overruled the petitioner's demurrer thereto. The plea averred that this identical case had been heretofore determined by the juvenile court of Jefferson county, by the circuit court of said county, in equity, and by the Supreme Court of Alabama (Martin v. State, 210 Ala. 44, 97 South. 57), and, in the absence of a replication setting up a change in the conditions since the former trial, the circuit court in equity properly dismissed the petition. The judgment of the circuit court is affirmed. The opinion on rehearing is substituted for the original opinion.