(103 So. 863)

### SANSON v. SANSON.  (4 Div. 212.)

(Supreme Court of Alabama.   April 9, 1925.)

**1. Appeal and error ⬥719(1)—Errors not assigned in writing on transcript considered waived.**

Errors not assigned in writing on transcript, as required by Supreme Court rule No. 1 (Code 1923, vol. 4, p. 880), will be considered waived, unless it be want of ·jurisdiction of subject-matter.

**2. Cancellation of instruments ⬥33—Circuit and Supreme Courts have jurisdiction of suit to cancel deed for fraud and undue influence.**

Circuit court has original, and Supreme Court appellate, jurisdiction of suit to cancel deed for fraud and undue influence in securing its execution and delivery.

Appeal from Circuit Court, Geneva County ; H. A. Pearce, Judge.

Bill in equity by Jesse Sanson against Mary Pearl Sanson. From a decree dismissing the bill, complainant appeals. Affirmed.

E. C. Boswell, of Geneva, for appellant.
Mulkey & Mulkey, of Geneva, for appellee.

In view of the decision, it is not necessary that briefs on the merits be here set out.

MILLER, J.  This is a bill in equity by Jesse Sanson against Mary Pearl Sanson, his wife, by which he seeks to have declared void, for fraud and undue influence, a deed executed by him conveying to her 40 acres of land, particularly described therein. The court, by decree, overruled demurrers of defendant to the bill and parts of the bill of complaint. The court, on final hearing of the cause on the pleading and proof, held the complainant·was not entitled to relief, dismissed his bill, and taxed him with the court cost. This appeal is prosecuted by the complainant from that final decree.

[1] Rule 1 of this court requires errors to be assigned in writing upon the transcript in order to receive consideration. Supreme Court rule 1 (Code 1923, vol. 4, p. 880) ; Halle v. Brooks, 209 Ala. 486, 96 So. 341. Errors not assigned in civil cases, in writing on the transcript, will be considered waived in this court, unless it be a want of jurisdiction of the subject-matter. Hymes v. State, 209 Ala. 91, 95 So. 383; Tuskaloosa Cotton Seed Co. v. Perry, 85 Ala. 158, headnote 1, 4 So. 635.

[2] The trial court had original, and this court appellate, jurisdiction of the subject-matter of the cause, to cancel a deed and declare it void for fraud and undue influence of defendant in securing its execution and delivery by complainant to defendant as alleged in the bill of complaint. 5 Mayfield's Dig. p. 334, § 8.  But the appellant assigns no error in writing on the transcript; no question is·properly presented on this appeal for us to review, so the decree must be and is affirmed. Supreme Court rule 1 (Code 1923, vol. 4, p. 880); Hymes v. State, 209 Ala. 91, 95 So. 383; Halle v. Brooks, 209 Ala. 486, headnote 1, 96 So. 341; Tuskaloosa Cotton Seed Co. v. Perry, 85 Ala. 158, headnote 1, 4 So. 635.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.