(108 So. 67)

### Lisbon TILLMAN v. Elijah WALTERS.
### (3 Div. 752.)

(Supreme Court of Alabama. March 25, 1926.)

Certiorari to Court of Appeals.

See, also, Tillman v. Walters, 108 So. 62, ante, p. 71 (Sup. Ct. 3 Div. 726).

L. A. Sanderson, of Montgomery, for petitioner.

John S. Tilley, of Montgomery, opposed.

BOULDIN, J. · Petition of Elijah Walters for certiorari to Court of Appeals to review and revise the judgment and decision of that court in the case of Tillman v. Walters (Ala. App.) 108 So. 61.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

———

(106 So. 618)

### LANCASTER v. STATE.   (6 Div. 571.)

(Supreme Court of Alabama. Dec. 10, 1925.)

Criminal law ☞1179—Findings of fact within exclusive prerogative of Court of Appeals, and not reviewable by Supreme Court.

Findings of fact are within the exclusive prerogative of the Court of Appeals, and will not be reviewed by Supreme Court.

Certiorari to Court of Appeals.

Petition of the State, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Robert Lancaster v. State, 106 So. 609. Writ denied.

See, also, Lancaster v. State, ante, p. 2, 106 So. 617.

Harwell G. Davis, Atty. Gen., and Horace C. Wilkinson, Sp. Asst. Atty. Gen., for the State.

Where the opinion of the Court of Appeals is in conflict with and antagonistic to the record, presenting an extreme and exceptional case, the Supreme Court will exercise its general power of superintendence and control over the Court of Appeals by going to the rec-ord itself to ascertain the facts. Wade v. State, 18 Ala. App. 322, 92 So. 97; Id., 18 Ala. App. 325, 92 So. 97; Ex parte Wade, 207 Ala. 1, 92 So. 101; Id., 207 Ala. 241, 92 So. 104.

A. H. Carmichael, of Tuscumbia, Harwood · & McQueen and Foster, and Rice & Foster, all of Tuscaloosa, E. B. & K. V. Fite, of Hamilton, and L. D. Gray, of Jasper, opposed.

The Supreme Court will revise the rulings of the Court of Appeals only as to questions of law, and not upon the finding of facts or the application of facts to the law. Postal Tel. & Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Ex parte Steverson, 177 Ala. 384, 58 So. 992; Ex parte Williams, 182 Ala. 34, 62 So. 63. ·

BOULDIN, J. When this cause was before us on certiorari at the last term (Lancaster v. State, 106 So. 617[1]), we called attention on rehearing to the contention of the counsel of the state touching certain testimony tending to show defendant's acquiescence and co-operation in efforts of Capt. Lollar to suppress testimony, and suggested that, if such contention be true, the testimony was properly admitted.

Following this suggestion, the Court of Appeals restored the cause to the rehearing docket for further consideration. On October 27, 1925, the Court of Appeals handed down an amplified and extended opinion, and also made special response to the application for rehearing. 106 So. 609.

The present proceeding by certiorari is to review the same questions in the light of the extended opinion. The Court of Appeals finds that it does not sufficiently appear from the evidence that defendant heard the instructions of Capt. Lollar, as deposed to by witness Hartley, whose testimony is quoted in the original as well as the later opinion, viz.:

· "They will put you in a room over there, and don't have anything to say. He cautioned us about this dictaphone, or whatever you call it, in the wall, and says: 'If you say anything, they will get it on that, and they will have it just the same as if you were making a statement yourself; the biggest thing you can say is to say "no, know nothing about it." '."

The Court of Appeals finds further error, not noted in the original opinion, in the admissions of similar statements made by Capt. Lollar on the train coming to Birmingham. This error is rested upon a want of evidence showing the defendant heard these statements.

These further findings of fact are within the exclusive prerogative of the Court of Appeals, and will not be reviewed by this court.

Writ denied, and judgment affirmed.

All the Justices concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 2.