**7 So.2d 563**

### GILLIS v. STATE.
#### 1 Div. 151.

Supreme Court of Alabama.
April 14, 1942.

No attorney marked for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

GARDNER, Chief Justice.

The appeal is from a judgment of conviction for murder in the first degree with infliction of the death penalty. The deceased, Richard Rylee, about one o'clock in the morning of May 13, 1939, was shot in the abdomen and died a few days thereafter. Several witnesses identified this defendant as the one who with a pistol fired the fatal shot. Defendant did not take the stand, but the proof he offered was for the purpose of disclosing he was not present on this occasion and that it was a matter of mistaken identity. A jury question was thus clearly presented, and there was little else for consideration, as there is no pretense of justification for the deadly assault, if in fact defendant fired the shot.

It was of course proper for the court to permit the state to show extensive search for defendant immediately following the killing and covering a period of twenty-one months with his final arrest in California. Likewise admissible were the incriminating remarks by defendant to the arresting officer and his statements as to the various places he had visited, as well as his reason for not resisting his return to Alabama to answer the charge of murder rather than remaining in California to answer other charges there.

There was no denial of the preliminary proof that there was no reward or inducement offered nor threats made, and that the statements all were entirely voluntary.

Though a bill of exceptions appears in the record there is no brief in support of the appeal. Mindful of our duty, however, in cases of this character, the entire record has been carefully examined, and all questions presented duly considered by the Court in consultation. There is no occasion here for separate further treatment as the remaining matters so clearly present nothing calling for a reversal of the judgment as to be undeserving of discussion. Illustrative are the several affirmative charges as to various degrees of murder requested by defendant, refused by the Court, and a few remaining refused charges which were either palpably incorrect or fully embraced in the oral charge of the Court or in several charges given for defendant.

Suffice it to say all of these matters have been given due consideration and we conclude the judgment is free from reversible error and should be here affirmed. It is so ordered.

Affirmed.

All Justices concur except KNIGHT, J., not sitting.