25 So.2d 57

### PILLEY v. STATE.

6 Div. 308.

Supreme Court of Alabama.

Jan. 24, 1946.

Rehearing Denied March 14, 1946.

Jas. B. Smiley, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Appellant, Robert S. Pilley, was indicted for the murder of George Nolan Goatley, by shooting him with a pistol. He was unable to employ counsel, so the trial court appointed a practicing attorney of the Jefferson County Bar to represent him. § 318, Title 15, Code 1940. He pleaded not guilty and not guilty by reason of insanity, and was found guilty of murder in the first degree and sentenced to death by electrocu-

tion. The appeal here is under the automatic appeal statute. Act No. 249, Acts 1943, page 217, approved June 24, 1943, Code 1940, Tit. 15, §§ 382(1)–382(13).

The deceased was killed on the night of July 11, 1944, in a sandwich shop which he operated at 1309 Tuscaloosa Avenue in the City of Birmingham. There were four eye-witnesses to the killing who were offered by the State, all of whom positively identified the appellant as the slayer. Their testimony is in accord in all material aspects and shows that on the night of the slaying, the appellant, after entering the sandwich shop operated by deceased, ordered and ate three sandwiches, after which he tendered payment therefor to an employee of the deceased by the name of Spray; that while Spray was in the act of giving the appellant the change to which he was entitled, appellant drew a pistol on Spray and demanded that he give him "the balance of the money"; that at that time the deceased, who had been in the rear of the sandwich shop, walked toward the appellant and Spray, but when within a few feet of them turned and started back toward the rear of the shop; that the appellant told the deceased to stop, "that this is a hold-up"; that Goatley did not stop, but continued on toward the rear of the building, whereupon the appellant shot the deceased with a pistol, hitting him in the back of the neck, inflicting the mortal wound.

The State introduced in evidence confessions of the appellant made to Mr. C. L. Pierce, a detective of the City of Birmingham, who was present at the time appellant was arrested in the City of Mobile and who questioned him within a few hours thereafter relative to his connection with the homicide. The appellant in the confessions admitted that he fired the shot which killed the deceased and his version of the events leading up to the homicide is in all material respects as presented by the eyewitnesses and need not here be repeated. It appears from the confessions that appellant came to Birmingham from Mobile shortly before the homicide and contacted a man by the name of J. Earl Mobley; that appellant was without funds and that he and Mobley decided to commit robbery; that neither of them had a gun and that Mobley secured a gun from a man named Short, who in turn had secured it from a negro; that at the time Short delivered the gun to Mobley, the appellant and a girl by the name of Ruth White were present; that

the gun which Mobley secured on that night was the one which appellant used in killing Mr. Goatley; that on the night of the homicide he and Mobley were riding in the latter's car and after deciding that Pilley would rob the "sandwich stand" which was operated by the deceased, they parked their car some distance therefrom, Mobley remaining in the car and appellant proceeding to the scene of the homicide; that after he had shot the deceased, he ran to the place where the car was parked and he and Mobley left hurriedly; that he remained in Birmingham in a hotel for two or three days and then proceeded to Mobile, carrying with him the pistol that he used in killing Goatley.

■ From an examination of the record, it appears that the confessions made by this appellant were properly admitted in evidence, a sufficient predicate previously having been laid for their introduction under the many decisions of this court on the subject. Daniels v. State, 243 Ala. 675, 11 So.2d 756. We have examined the evidence relating to the circumstances under which the confessions were made, and hold that they were voluntary and duly admissible.

■ The incriminating remarks made by defendant to his brother, Jack Pilley, in the presence of Detective Pierce, were admissible. Pierce's testimony in this connection is as follows: "We were in the Detective Room, at police headquarters, in Mobile, on Friday, October 13th, when Jack Pilley, Steve's brother, came to police headquarters and said he wanted to talk to Steve (appellant). We went in the room where Steve was seated, and Jack asked Steve what was the matter, and he said that he had killed a man in Birmingham; and Jack asked Steve if there was anything that he could do for him, and Steve replied that he didn't think that there was anything anybody could do for him, that it looked like he was going to the electric chair." There was no denial of the preliminary proof that there was no reward or inducement offered or threats made, and that the statement was entirely voluntary. Gillis v. State, 242 Ala. 550, 7 So.2d 563; Seay v. State, 21 Ala.App. 339, 108 So. 620, certiorari denied 214 Ala. 666, 108 So. 622.

■ There was no error in permitting witnesses for the State to identify a pistol as being one which they had seen in the possession of the appellant a short time prior to the homicide. Rollings v. State,

160 Ala. 82, 49 So. 329; Lewis v. State, 231 Ala. 211, 165 So. 92.

The witness Pierce identified a pistol shown him by the State solicitor as being one which he had seen in the office of the chief of police of Mobile and testified that the appellant had admitted that it was the pistol which took the life of the deceased.

Likewise it was not error in admitting in evidence the pistol offered by the State, over appellant's objection. It had been properly identified and aside from the testimony going to show that appellant had admitted that it was the pistol used by him in the slaying, there was other evidence from which the reasonable inference might be drawn that it was the instrument employed by him in the commission of the crime. Anderson v. State, 209 Ala. 36, 95 So. 171; Vernon v. State, 239 Ala. 593, 196 So. 96.

The admission of evidence showing Mobley's connection with the pistol prior to any evidence of conspiracy does not constitute reversible error. In the case of Johnson v. State, 29 Ala. 62, 65 Am.Dec. 383, it is said: "No man can be criminally affected by the acts or declarations of a stranger; but, where a privity and community of design has been established, the acts, declarations, and conduct of all the associates, in furtherance of their common unlawful purpose, are evidence against each of them. It may be admitted, that, for want of evidence of such privity and community of design, the declarations of Anderson were not admissible, at the time they were admitted by the court; but conceding this to be so, yet immediately afterwards, and during the trial, sufficient evidence of such privity and community of design was introduced, and this cured the error of admitting the declarations of Anderson and made them clearly admissible." See also Harmon v. State, 166 Ala. 28, 52 So. 348.

Photographs showing the exterior and interior of the building where the homicide occurred were introduced by the State. It was shown by a witness who was thoroughly familiar with the premises that the photographs truly depicted the physical condition of the scene of the homicide on the day that it occurred. They were properly admitted and it was proper to permit witnesses to refer to them in illustrating their testimony. Blue v. State, 246 Ala. 73, 19 So.2d 11; Swindle v. State, 27 Ala. App. 549, 176 So. 372, certiorari denied 234 Ala. 621, 176 So. 375; Lancaster v. State, 21 Ala.App. 140, 106 So. 609, certiorari denied 214 Ala. 76, 106 So. 618; Humber v. State, 19 Ala.App. 451, 99 So. 68, certiorari denied 210 Ala. 559, 99 So. 73. Likewise it was proper to permit the witness Pierce, who, it was shown, reached the scene of the homicide shortly after Goatley was killed, to testify that there was blood on the floor and to point out the bloodstains as shown by the photographs. In a homicide case, a description of the locus in quo is always relevant. Shaffer v. State, 202 Ala. 243, 80 So. 81; Reynolds v. State, 24 Ala.App. 249, 134 So. 815, certiorari denied 223 Ala. 130, 134 So. 817.

A witness for the State, C. D. Brooks, of the State Department of Toxicology, was properly qualified as an expert in the science of ballistics. He testified that he had made examinations of the bullet which had been removed from the body of the deceased and of the pistol which had been identified as having been in the possession of appellant a short time prior to the date of the homicide, and which had been admitted in evidence; that he had also made an examination of bullets which he had himself fired from the pistol, and had compared those bullets with the one which had been removed from the body of deceased. Further testifying, this witness said: That from the tests, comparisons and experiments that he had conducted he could not say that the bullet which had been removed from Goatley's body was fired from the particular pistol alleged to have been used by appellant in the perpetration of the homicide, but that it could have been so fired; that it was fired from a gun of that type with similar rifling; that there was nothing to indicate, or that could tend to indicate, that it had not been fired from the particular pistol. In the introduction of this evidence there was no error. Vernon v. State, supra; Redus v. State, 243 Ala. 320, 9 So.2d 914.

It was improper for the assistant solicitor in his argument to the jury to state that if the jury returned a verdict of murder in the first degree and fixed punishment at death that the appellant would automatically get his trial reviewed on appeal. The only effect of this argument would be to lead the jury into the mistaken belief that their findings on the facts could be reviewed by a higher tribunal and thereby lessen the sense of responsibility resting on them. Brothers v. State, 236 Ala. 448,

528

183 So. 433; Beard v. State, 19 Ala.App. 102, 95 So. 333; Plyler v. State, 21 Ala. App. 320, 108 So. 83. It was also improper for counsel for the State to say in argument to the jury, "Now, if this jury goes out, and comes back and gives this man a Christmas present of life imprisonment, he will justly enjoy, you have told every young 24-year old man that he can go out and rob and take a person's life with immunity and all he has got to do is to go down to the penitentiary and possibly get a parole, as Mr. Smiley said could be done, and get back out again." It is true that in the case of McNeill v. State, 102 Ala. 121, 15 So. 352, 48 Am.St. Rep. 17, this court held that the trial court did not err in overruling an objection to such an argument. However, our later cases show disapproval of this type of argument. Oliver v. State, 232 Ala. 5, 166 So. 615; Peterson v. State, 231 Ala. 625, 166 So. 20; Boyle v. State, 229 Ala. 212, 154 So. 575; Bachelor v. State, 216 Ala. 356, 113 So. 67; Anderson v. State, supra.

But we do not think that this case should be reversed because of such arguments, for they are of that class of improper arguments which may be remedied or their evil effects eradicated by instructions of the court, and the trial court, after objections were interposed by appellant, strongly instructed the jury that they should decide the case on the evidence presented to them and should not be concerned with any future action which might be taken by appellate courts or pardoning authorities. Oliver v. State, supra; Bachelor v. State, Peterson v. State, supra.

The defendant pleaded not guilty by reason of insanity as well as not guilty, but there was no evidence introduced by the defendant in support of his insanity plea. In fact, the defendant did not testify nor did he offer evidence of any kind. In view of the fact that there was no evidence to support the defendant's plea of insanity, it was not incumbent upon the court to charge upon this phase of the law (Johnson v. State, Ala.Sup., 24 So.2d 17;[1] Rice v. State, 204 Ala. 104, 85 So. 437; Granberry v. State, 182 Ala. 4, 9, 62 So. 52); in fact, the court properly gave the following charge at the request of the State, "I charge you, gentlemen of the jury, that if you believe the evidence you cannot find the defendant not guilty by reason of insanity." Manning v. State, 217 Ala. 357, 116 So. 360. The charge given in this case is not subject to the criticisms pointed out in the case of Peters v. State, 240 Ala. 531, 200 So. 404.

Appellant contends that it was error for the court to give the charge set out above for the reason that the charge as given is not in the same language as it was when originally requested by the assistant solicitor for the State. The record is not too clear as to what happened among the court, the assistant solicitor and counsel for appellant in connection with this charge. However, it does show that the court suggested some changes in the written charge which the assistant solicitor presented to him. The appellant contends that the charge as originally submitted to the court was in the following language, "I charge you, gentlemen of the jury, that if you believe the evidence you cannot find the defendant insane," and that the court struck out the word "insane" and added in his own handwriting the following words, "not guilty by reason of insanity." While the record shows that there were some changes made in the charge as originally requested, it appears that they were not made until after the court had consulted with the solicitor and counsel for appellant, without the hearing of the jury, and the changes were made either by the solicitor or by the trial judge at the solicitor's request or with his approval. Appellant bases his contention that the foregoing constitutes reversible error on the provisions of § 273, Title 7, Code 1940, which is in pertinent part as follows: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; * * *." There have been many cases considered by this court wherein the above quoted provision has been dealt with, but in all of the cases which have come to our attention on this subject, it appears that the party who requested the charge complained of the court's action in making alleged qualifications to the charge requested. We are of the opinion that the requirement that the court must give or refuse a charge in the terms in which it is written is for the benefit of the party requesting the charge and that the court will not be put in error for permitting the party who requests the charge to make changes therein, or for making changes at the request of or with

[1] Ante, p. 271.

the consent of the party so requesting the charge. We hold, therefore, that the trial court did not commit reversible error in this respect.

 In accordance with our duty in cases of this character, we have examined the record for any error, whether pressed upon our attention or not. The testimony in the case abundantly supports the verdict. The record is free from reversible error and is due to be affirmed. It is so ordered by the court.

Affirmed.

All the Justices concur.