130 So.2d 822

**George R. PHILLIPS**

v.

**STATE of Alabama.**

7 Div. 524.

Supreme Court of Alabama.

May 25, 1961.

No attorney marked for appellant.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., for the State.

GOODWYN, Justice.

George R. Phillips, alias "Red" Phillips, was indicted for and convicted of the offense of robbery and his punishment was fixed by the jury at imprisonment in the penitentiary for a period of 45 years. Judgment and sentence were in accord with the jury verdict.

Upon arraignment the defendant entered a plea of "not guilty" and "not guilty by reason of insanity." On the trial he withdrew his insanity plea.

The defendant was ably represented in the trial court by court appointed counsel and also by counsel of his own choice. However, he is not represented by counsel on this appeal and no brief has been filed on his behalf. But the filing of a brief is not essential to our consideration of an appeal by a defendant in a criminal case. Code 1940, Tit. 15, § 389; Higginbotham v. State, 262 Ala. 236, 239, 78 So.2d 637; Payne v. State, 261 Ala. 397, 402, 74 So.2d 630; Johnson v. State, 257 Ala. 644, 645, 60 So.2d 818; Gillis v. State, 242 Ala. 550, 551, 7 So.2d 563; Hymes v. State, 209 Ala. 91, 92, 95 So. 383.

The tendency of the state's evidence was that the defendant and one Robert McCleland entered Lloyd's Cafe in Shelby County, Alabama, about 7:30 p. m., on January 4, 1959; that McCleland was armed with a

pistol and the defendant with a shotgun; that McCleland took about $800 in cash out of the cash register and from the person of Lloyd Chesser, the cafe proprietor, while the defendant held the gun on Chesser and his daughter; that there were continuous threats of shooting Chesser; and that McCleland and the defendant at gun point took Chesser outside the restaurant but then left him there as the two entered a waiting automobile. In addition to Chesser and his daughter there were two customers, a man and wife, in the restaurant at the time of the incident. All four of these parties were witnesses for the state and each positively identified the defendant as the man with the shotgun.

McCleland was called as a witness for the defendant. He testified that he had already confessed to his part in the robbery and was given a sentence of 25 years in the penitentiary, but denied that the defendant was with him at the time of the robbery; that it was someone else whose name he did not know. The defendant also took the stand and testified that he was at the home of his sister in Tuscaloosa at the time of the robbery. His sister also testified to the effect that the defendant was at her home on the night of the robbery.

The foregoing conflicting tendencies in the evidence clearly presented a factual issue to be resolved by the jury.

Being mindful of our duty in cases of this character, we have carefully examined the entire record and all questions presented have been duly considered by the court in consultation. Our conclusion is that the record is free of error prejudicial to the substantial rights of the defendant. Accordingly, the judgment is due to be affirmed, and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.