321 So.2d 719

**Randolph SMITH, alias**

v.

**STATE.**

**7 Div. 338.**

Court of Criminal Appeals of Alabama.

Aug. 19, 1975.

Rehearing Denied Oct. 1, 1975.

Myron K. Allenstein, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Eric A. Bowen, Asst. Atty. Gen., for the State, appellee.

HARRIS, Judge.

Appellant was tried and convicted of robbery and sentenced to a term of forty years in the penitentiary. He was represented at arraignment and throughout the trial by retained counsel. He pleaded not guilty. After conviction he was found to be indigent and a free transcript was furnished him. Trial counsel represents appellant on this appeal.

Omitting the formal parts the indictment reads as follows:

"The Grand Jury of said County charges that before the finding of this Indictment Randolph Smith, alias Randolph Lowe, alias Randy Smith, alias Rudolph Smith, whose name to the Grand Jury is otherwise unknown than as stated, feloniously took one (1) set of wedding rings, of the value of $350.00; one (1) dinner ring, of the value of $150.00; and One Thousand Four Hundred Eleven and No/100 Dollars ($1,411.00), lawful United States currency, the exact denomination of which is unknown to the Grand Jury, of the value of One Thousand Four Hundred Eleven and No/100 Dollars ($1,411.00), all of the aggregate value of One Thousand Nine Hundred Eleven and No/100 Dollars ($1,911.00), the property of Lorene Cagle, from her person or in her presence, and against her will, by violence to her person, or by putting her in such fear as unwillingly to part with the same, contrary to law and against the peace and dignity of the State of Alabama."

Appellant filed a pre-trial motion to suppress the eye witness identification of the defendant and a full hearing was held. Mrs. Lorene Cagle testified at this hearing that appellant robbed her at gun point on July 5, 1974, and that he was only two feet from her at the time. She positively identified the defendant as the robber. She made this identification at a lineup at City Hall basing it on her personal observations of the defendant at close range. She further testified that she neither needed nor received aid from the police officers in making this identification.

On cross-examination defense counsel questioned Mrs. Cagle at great length but was unable to shake her positive identification. He questioned her about a photograph of the lineup at City Hall and offered the photograph in evidence. It was accepted as defendant's Exhibit No. 1. At the close of Mrs. Cagle's testimony, the trial judge found that Mrs. Cagle's identification was based on her own personal observations and overruled defense counsel's objection thereto. According to her testimony she was at all times sure that she could identify the robber if she saw him again and she identified him on July 18, 1974.

At the trial in chief Mrs. Cagle testified that she was employed at Cotton's E–Z Curb Store and had been so employed since 1962. She was alone in the store on July 5, 1974, when two Negroes entered the store at 4:30 p. m. One of the men handed her a dollar bill and asked for a pack of Kool filter cigarettes. She got the cigarettes and rang up the amount on the cash register. She handed one of them the change and this man stuck a pistol in her face and told her to stand back and leave the cash register open. While still holding

the pistol on her, the other man got all of the money from the cash register and put it in a brown shopping bag. Then one of them reached under the counter and got her purse. She had a $106.00 in her purse along with her wedding band, engagement ring and dinner ring. The robbers took the contents of her purse and told her to get down on the floor and not move until they left the store. She testified that there was over $1,300.00 in the cash register. She valued her purse at $35.00 and her rings at $500.00 in the aggregate.

She further testified the men were about two feet from her, and it took them about two minutes to complete the robbery. It was broad daylight, and they were not disguised. She got a good look at them during the robbery.

In answer to questions posed by the trial judge Mrs. Cagle testified that she looked the robbers straight in the face and viewed them fully. She told the court that her identification of the defendant was based upon her observation of him during the robbery and was not based on photographs or the pre-trial lineup identification.

After the men left the store Mrs. Cagle got up from the floor and went to the front door to see what direction the men went, but she did not see them. She then called the Gadsden Police Department and reported the robbery. Several police officers arrived in less than five minutes and she gave them a description of the men. She told them the man with the pistol, who she subsequently identified as the appellant, was wearing a maroon shirt and striped pants. She said the other man was wearing dark clothing that more or less matched, that both men were wearing glasses and appeared to be 18 to 21 years of age. She said one man was taller than the other and they weighed between 135 and 140 pounds.

The officers asked Mrs. Cagle to come to Police Headquarters and sign a written statement and she did. Over the next several days she viewed numerous photographs that were in a book at Headquarters and did not see a picture of either man that robbed her. Later she was asked to come back and view some new photographs and in this stack of pictures she identified appellant and the other man who robbed her on July 5, 1974. Later she attended a lineup of five black men and immediately identified appellant and the other man. The other man was one Richard Benjamin. Appellant was No. 1 in the lineup and Benjamin was No. 4 looking from left to right. A photograph was taken of this lineup and was introduced in evidence by appellant's counsel at the pre-trial hearing.

Mrs. Cagle made a positive in-court identification of appellant as the man who stuck the pistol in her face and held it on her while Benjamin got the money from the cash register and stole the contents of her purse.

Appellant did not testify but offered alibi evidence in his defense.

Richard Benjamin testified that he and appellant were together in Anniston, Alabama, on July 5, 1974, and were in Anniston most of the day and did not get back to Gadsden until around 6:00 p. m. Benjamin said he went to Anniston to purchase an automobile and he bought a car.

Charles Daniels testified that he sold Benjamin a car on July 5, 1974, shortly after 4:00 p. m. on that date. Daniels' signature does not appear on the conditional sales contract, a copy of which was introduced in evidence. He further testified there was another man with Benjamin at the time but he did not pay any attention to this man and would not attempt to identify appellant as that man.

Police Officer Gartman was called as a witness for the defense and was asked by defense counsel if Mrs. Cagle said that Randolph Smith was not the one with the gun. Gartman answered yes, sir, accord-

ing to his notes. The counsel for appellant never attempted to introduce those notes in evidence. The statement given by Mrs. Cagle to Gartman on July 5, 1974, affirmatively showed that the man wearing dark-rimmed glasses held the pistol, and Mrs. Cagle, in her testimony, identified appellant as the man wearing the dark-rimmed glasses.

Counsel for appellant filed a motion for a new trial alleging the trial court committed reversible error in permitting the jury to separate during the progress of the trial and that they were allowed to go to their respective homes for the night prior to reaching a verdict.

■ The record is replete with statements by the trial court that there was an agreement by the state and defense counsel for the jury to separate and this agreement was made in the presence of the defendant. Appellant's counsel admits this but contends that notwithstanding that appellant was present when the agreement was made that the court should have asked appellant directly and personally if it was agreeable with him for the jury to separate during the trial. It is to be noted that appellant registered no protest or objection to his counsel's agreement for the jury to separate. He remained silent and speculated on the verdict of the jury. When he lost his case, he sought to take advantage of a technicality and gain a new trial.

Out of an abundance of precaution the trial judge set the motion for a hearing and directed the Clerk to issue a subpoena to each juror who sat on the case. Each juror was sworn all testified that they did not discuss the case with anyone nor did anyone attempt to discuss the case with them, that no outside influences were brought to bear on their deliberations and that they based their verdict solely and exclusively on the evidence that came from the witness stand.

The trial court overruled the motion for a new trial, and rightly so.

■ The evidence presented by the state was sufficient upon which to base a verdict of guilt. Appellant was viewed by the victim at close quarters for more than a minute, in the face without disguise, during daylight hours, and the in-court identification was positive and unequivocal. *Rhodes v. State,* 50 Ala.App. 661, 282 So. 2d 100; *Carpenter v. State,* 42 Ala.App. 618, 174 So.2d 336; *Poole v. State,* 53 Ala.App. 156, 298 So.2d 85, reversed on other grounds, 292 Ala. 590, 298 So.2d 89.

■ Appellant presented a fairly strong alibi case. Alibi testimony, like all other evidence in a criminal prosecution, is an issue to be determined by the jury. The jury resolved this issue against appellant and that is that. *Brown v. State,* 229 Ala. 58, 155 So. 358; *Gillis v. State,* 242 Ala. 550, 7 So.2d 563; *Mosley v. State,* 55 Ala. App. 59, 304 So.2d 613; *Price v. State,* 53 Ala.App. 465, 301 So.2d 230.

■ A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. *Gray v. State,* 38 Ala.App. 508, 88 So.2d 798; *Nabors v. State,* 82 Ala. 8, 2 So. 357; *Smith v. State,* 53 Ala.App. 27, 296 So.2d 925.

■ Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is evidence of the defendant's guilt is a question of law and its weight and probative value are for the jury. *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690; *Bolton v. State,* 21 Ala.App. 373, 108 So. 631; *Washington v. State,* 55 Ala.App. 116, 313 So.2d 544; *Taylor v. State,* 55 Ala. App. 184, 314 So.2d 104.

In *Palmore v. State,* 283 Ala. 501, 218 So.2d 830, the Supreme Court laid down the following rule governing the separation of the jury after trial and before the verdict:

"The prevailing rule in this jurisdiction is that a separation of the jury, after the

trial has been entered upon and before verdict, creates a cause for reversible error in favor of defendant unless the state affirmatively shows that defendant was not injured thereby. *Lynn v. State,* 250 Ala. 384, 386, 34 So.2d 602.

Such separation pending a trial is not necessarily ground for a new trial but is sufficient to show a prima facie right to it, and the burden is upon the state, after such separation is shown, to prove that the jurors conversed with no one affecting the prisoner's guilt and that no other influences were exerted which may have biased their deliberations."

We hold that the state met the burden resting upon it in the instant case and that the denial of the motion for a new trial was not error.

■ The record shows that the lineup in the instant case occurred before the defendant had been indicted or otherwise charged with robbery. Therefore, he was not entitled to counsel at that time. *Giles v. State,* 52 Ala.App. 106, 289 So.2d 673; *Ratcliff v. State,* 49 Ala.App. 77, 268 So.2d 858; *Kirby v. Illinois,* 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411.

We find no error of a reversible nature in the record. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur, except CATES, P. J., not sitting.