JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Montgomery County returned an indictment against the appellant, Lovie J. Peagler, charging him with robbery. Appellant entered a plea of not guilty, and not guilty by reason of insanity. A jury found him guilty and fixed his punishment at 15 years, and he was duly sentenced by the court to fifteen years in the penitentiary. Appellant appeals to this Court.
This appeal was submitted to this Court on brief of Appellee and on a no merit letter of appellant. Appellant was at all proceedings in the trial court represented by counsel of his choice, and is here represented by court appointed counsel.
The only question presented to this Court by the record is the sufficiency of state’s evidence to make out a prima facie case of robbery against the appellant.
State’s evidence tends to prove that on December 20, 1976 at about 3:40 o’clock, A. M. Mrs. Todd, an employee at Zippy Mart, a store located on the Troy Highway in Montgomery County, was alone in the store; that the appellant and a woman pulled up to the gasoline pump and put $10.01 worth of gasoline in their car; that appellant came into the store and drew a .38 special from a shoulder holster and put it in Mrs. *60 Todd’s face and told her, “this is a hold-up give me what you have”; that Mrs. Todd gave him $57.00 in coins contained in a bank bag and about $100.00 in bills contained in another bank bag; that appellant left the store; that Mrs. Todd called the police; that about 15 minutes later the appellant, the 38 Smith and Wesson special and a bank bag were brought back to the store and all were identified by Mrs. Todd; that Mrs. Todd was positive in her identification of the appellant; that officers of the law stopped the appellant on the Troy Highway south of Montgomery; that the appellant had in his possession the same .38 Smith and Wesson special, bank bags, and shoulder holster for the .38 special he had when he left the store; that appellant was seated on the passenger’s side when his car was stopped and a woman was seated in the driver’s seat; that before any questions were asked the appellant about the robbery he asked one of the officers how they were able to catch him so soon after the robbery; that after informing the appellant of his Miranda rights, he confessed to the robbery which confession was in writing and signed by the appellant. Mrs. Todd made a positive identification of the appellant in court. After a proper predicate was made the confession by the appellant was introduced into evidence.
The state rested its case and appellant moved to exclude the state’s evidence on the ground that the state had not proven a prima facie case of robbery. The motion was overruled and the appellant rested without offering any evidence on his behalf.
Robbery is the felonious taking of money, or goods of value, from the person of another, or in his presence, by violence to his person, or by putting him in fear. We hold that the evidence presented by the state is sufficient to sustain the jury verdict of guilty. The trial court was correct in overruling appellant’s motion to exclude state’s evidence. Wilson v. State, 268 Ala. 86, 105 So.2d 66; Phillips v. State, 272 Ala. 216, 130 So.2d 822; Summers v. State, 348 So.2d 1126.
We have searched the record for any errors prejudicial to the defendant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.