DeCARLO, Judge,
dissents.
The Supreme Court of Alabama, in Dunn v. State, 277 Ala. 39, 166 So.2d 878, held that the argument by the State that “if you [jurors] sent this defendant as an insane man up to Tuscaloosa, the State mental institution, he wouldn’t stay up there more than ten days,” would not have been reversible error had the objection to such argument by defense counsel been sustained and a proper instruction to the jury been made.
Dunn v. State, supra, cited authority which held that such an objection, if sustained or the jury properly instructed, would have cured the error. See Pilley v. State, 247 Ala. 523, 25 So.2d 57; Oliver v. State, 232 Ala. 5, 166 So. 615; Peterson v. State, 231 Ala. 625, 166 So. 20; Boyle v. State, 229 Ala. 212, 154 So. 575; Bachelor v. State, 216 Ala. 356, 113 So. 67; Anderson v. State, 209 Ala. 36, 95 So. 171.
In the present case, the remarks by the district attorney were a legitimate appeal to law and order. Embrey v. State, 283 *1132 Ala. 110, 214 So.2d 567. See also, Grissett v. State, 241 Ala. 343, 2 So.2d 399; Frost v. State, 225 Ala. 232, 142 So. 427; Holland v. State, 24 Ala.App. 199, 132 So. 601; Whitfield v. State, 22 Ala.App. 556, 117 So. 761.
The sustention of the objection in the first instance would have overcome any prejudice which might have occurred because of the improper argument by the district attorney. As to the second instance, the defense counsel objected to the State’s “arguing about any prior crimes,” and did not mention or refer to the mental institution. Thus the objection was properly overruled on the basis of the grounds stated.
Therefore, the objection made at trial will not support the grounds asserted on this appeal.
As to the prosecutor’s remarks in the third incident referred to in the opinion, we find that the trial court sustained the objection and instructed the jury to disregard. Under these circumstances, we believe the court accurately cured any prejudice that might have occurred. Therefore, I do not believe that the individual or cumulative effect of the comments taken individually or collectively was so prejudicial to this defendant as to warrant a reversal of this case.